## ORAND v. WHITMORE. (No. 1600.)

(Court of Civil Appeals of Texas. Texarkana. April 6, 1916. Rehearing Denied April 13, 1916.)

1. APPEAL AND ERROR ☞263(3)—REFUSAL OF INSTRUCTION—NECESSITY OF EXCEPTION.

The trial court's refusal of appellant's special charge must be treated as approved by him, where he failed to except thereto as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 2061, so that his assignment of error thereon would be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1518, 1525; Dec. Dig. ☞263(3).]

2. VENDOR AND PURCHASER ☞265(4)—TRANSFER OF PROPERTY—ASSUMPTION OF DEBT.

Where one conveyed two tracts of land to defendant, each described by metes and bounds, for a consideration, including a note for $2,000, not to be a lien on the land unless the vendor should fail to collect that amount out of the collateral notes assigned to him, and the purchaser conveyed to his codefendant, who assumed payment of such note, and the original vendor thereafter, on the security of such note, borrowed money, plaintiff as the lawful holder thereof was entitled to recover, unless it was subject to defenses which the subsequent purchaser would have been entitled to urge had it remained in the hands of the original vendor.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 710; Dec. Dig. ☞265(4).]

3. VENDOR AND PURCHASER ☞281(1)—LIEN NOTES—ACTION—BURDEN OF PROOF.

In such action, where the subsequent purchaser alleged that the original vendor, selling by the acre, had represented that the two tracts contained 168 acres, and that the agreed price per acre was $88.33, that the two tracts together contained 12.53 acres less than represented, and that he was entitled to have the value of that number of acres at the agreed price set off against the amount which plaintiff might have recovered had there been no shortage, he had the burden of proving by a preponderance of the evidence that price between the original vendor and the first purchaser was as alleged.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 792; Dec. Dig. ☞281(1).]

4. TRIAL ☞252(13)—INSTRUCTION—EVIDENCE.

In an action on a vendor's lien note brought against the original purchaser and a purchaser from him, the subsequent purchaser's requested instruction that part of the alleged shortage had been in the adverse possession of other parties more than 10 years *held* properly refused, where there was no evidence of such adverse possession.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 604; Dec. Dig. ☞252(13).]

5. ADVERSE POSSESSION ☞114(1) — SUFFICIENCY OF EVIDENCE.

Evidence, in such action, *held* not to show that the statute of limitations had divested the original vendor of title to a tract when he conveyed it, with another tract, to the original purchaser.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 682, 683; Dec. Dig. ☞114(1).]

6. APPEAL AND ERROR ☞301—MOTION FOR NEW TRIAL—OBJECTION—RULE OF COURT.

An assignment of error in the overruling of defendant's motion to enter judgment allowing him a set-off claimed by him, not complained of in the motion for a new trial, as required by rule 24 of the Court of Civil Appeals (142 S. W. xii), could not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. ☞301.]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by Cora P. Whitmore against L. J. Harrell and W. N. Orand, with cross-action by defendant Orand against his codefendant. Judgment for plaintiff against both defendants, and judgment for defendant Orand against his codefendant, and defendant Orand appeals. Affirmed.

By a deed dated August 17, 1910, Mose Novich conveyed two tracts of land in Hill county to L. J. Harrell. Each of the tracts was described by its metes and bounds. One of them was further described as being a part of the Henry Ross survey of a league and labor and as containing 164⅔ acres, more or less. The other was further described as being a part of the A. Pratt survey and as containing 3⅓ acres, more or less. The consideration recited in the deed was $14,000 paid and to be paid as follows: $6,525 in cash, $1,600 January 1, 1912, and $2,000 January 1, 1913, as evidenced by notes then executed by Harrell to Novich, and the assumption by Harrell of the payment of a note for $3,875 secured by a deed of trust on the land. While it is not so recited in the deed, it is assumed that the $3,875 note was one Novich had made a charge on the land before he sold same to Harrell. By the terms of the deed a vendor's lien was retained on the land by Novich to secure the payment of the notes. From recitals in the instrument it appears that the $2,000 note was to be a charge against Harrell and the

land conveyed to him only in the event Novich was unable to collect that sum out of notes aggregating $3,311, assigned to him by Harrell, and secured by a lien on land in Wood county.

By a deed dated November 14, 1910, Harrell, describing the land as it was described in the deed to him, conveyed same to appellant Orand. The consideration recited in this instrument was $16,000, paid and to be paid as follows: $8,525 in cash, and the assumption by Orand of the payment of the notes for $3,875, $1,600, and $2,000, referred to above.

In April, 1912, Novich borrowed $2,000 of appellee, to be repaid in April, 1913, and as collateral security for the debt he thereby incurred to her delivered to her the $2,000 note given by Harrell to Novich as stated above. The note last referred to contained a stipulation binding Harrell to pay interest from January 1, 1911, at the rate of 8 per cent. per annum. January 1, 1913, while appellee held same as stated, Orand by his writing thereon bound himself, instead, to pay interest from that date at the rate of 10 per cent. per annum.

There being about $1,750 of the indebtedness due by Novich to appellee unpaid, she on April 15, 1914, commenced the suit against Harrell resulting in the judgment from which this appeal is prosecuted. Her suit was on the note for $2,000 made by Harrell to Novich, as stated above, which she held as collateral security for Novich's indebtedness to her, and she sought judgment against them for the amount thereof, including interest and attorney's fee stipulated for, and a foreclosure of the vendor's lien retained by Novich to secure the payment of same. Novich was alleged to be a nonresident of the state, and for that reason was not made a party to the suit. Harrell did not answer, and judgment as prayed for was rendered against him by default. Orand in his answer admitted he had assumed the payment of the note, but claimed: (1) That the sale by Novich to Harrell and by the latter to him was of the land by the acre; (2) that there was 12.53 acres less thereof than Novich represented to Harrell and Harrell represented to him there was; and (3) therefore that he was entitled to have set off against the amount due on the note a sum equal to the value of the 12.53 acres shortage, at the price per acre (which he alleged to be $83.33⅓ Harrell agreed to pay for the land). By a cross-action against his codefendant Harrell, Orand sought a recovery against him in the event the set-off he claimed against plaintiff was not allowed, of a sum representing the value of the alleged deficit in acreage of 12.53 acres at $95.25, the price per acre which, he alleged, he agreed to pay Harrell for the land. In a trial amendment, Orand alleged that the title to the 3⅓-acre tract had failed, and claimed that for that reason he was entitled

to a credit on the note sued on, "to the amount and extent of $277.66, together with 8 per cent. interest thereon from November 10, 1910; that being the date of his purchase and the interest he has paid thereon."

On special issues submitted to them, the jury found: (1) That Novich did not represent to Harrell that the tract of land contained 168 acres; (2) that the tract contained 155.47 acres; and (3) that the price per acre agreed upon between Novich and Harrell was $90. On these findings, and others made by himself, the court rendered judgment in favor of appellee against Harrell for $2,661.12 and against appellant for $2,721.40, foreclosed the vendor's lien as prayed for, directed that the land be sold, and that the proceeds of the sale be applied to the payment of the costs and the sum adjudged in appellee's favor, and further directed that the excess, if any, of such proceeds, be paid over to appellant. The judgment was, further, that appellant recover of Harrell whatever sum he (appellant) might pay on the judgment against him in favor of appellee. The appeal is by Orand alone.

J. D. Williamson, of Waco, and Morrow & Morrow, of Hillsboro, for appellant. Wear & Frazier, of Hillsboro, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] The action of the trial court in refusing the special charge No. 2 requested by appellant must be treated as approved of by him, because of his failure to except thereto as required by the statute. Article 2061, Vernon's Statutes. Therefore the first assignment is overruled.

[2, 3] Without reference to whether the note sued upon was negotiable or not and we think it was not, and without reference to whether, if it was, she was a bona fide holder thereof or not, and we think she was not within the meaning of the law, appellee, as the lawful holder thereof, was entitled to recover thereon as sought by her, unless it was subject to defenses appellant would have been entitled to urge against it had it remained in the hands of Novich. It was not disputed in the evidence that the sale by Novich to Harrell was by the acre, and that the two tracts together contained only 155.-47 acres. Appellant alleged that Novich in the sale to Harrell represented that the two tracts contained 168 acres, and that the price agreed upon between Novich and Harrell was $83.33⅓ per acre. He further alleged that the two tracts together contained 12.53 acres less than 168 acres, and that he therefore was entitled to have the value of 12.53 acres at $83.33⅓ per acre set off against the sum appellee would have been entitled to recover had there been 168 acres of the land. At the request of appellee, the court instructed the jury that the burden was on appellant to prove by a preponderance of the evidence that the price agreed

upon between Novich and Harrell was $83.-33⅓ per acre, as he alleged it to be. We think it was not error to so instruct the jury, and therefore overrule the second assignment.

[4, 5] Appellant requested the court to charge the jury as follows:

"You are instructed that the undisputed evidence shows that the 3⅓-acre tract of land out of the A. Pratt survey was embraced in the deed from Mose Novich to Harrell and from Harrell to defendant Orand, and further shows that the said 3⅓-acre tract of land was never in possession of either the said Mose Novich or of the said Harrell or said Orand, and that it has been for more than ten years in the adverse possession of other parties, and as to the said 3⅓ acres of land there is a failure of title, and by reason thereof the said defendant Orand is entitled in any event to an abatement of the note sued on to the extent of the value of said 3⅓-acre tract of land at the rate of $83.33 per acre, amounting to the total sum of $277.67, together with the further sum of $76.30, bearing 6 per cent. interest from August 17, 1910, to date, and you are instructed to find in favor of said defendant on account of said 3⅓ acres in the sum of $353.97, which is to be credited on or deducted from amount due plaintiff."

The complaint in the third assignment is based on the refusal of the court to so instruct the jury. The assignment is overruled. It did not appear from the evidence as a matter of law that the 3⅓ acres had been "for more than ten years in the adverse possession of other parties" than Novich and his grantors, and that the title of Novich thereto had failed. The witness Preston testified, without contradiction, that the 3⅓ acres of the Pratt survey and the 155.47 acres of the Ross survey were separated by a road. The only testimony we have found in the record which can be said to have tended in the least to show that the 3⅓ acres was ever "in the adverse possession of," or claimed by, other parties than Novich and his vendors, was the following: (1) The witness Preston testified that in 1906 the 3⅓ acres "was in Mrs. White's inclosure." He did not know how long it had been there. (2) The witness Henderson testified that "Mrs. White occupied that land that is across the road there and up to the creek." What land he had reference to does not appear from his testimony. Nor did he say when Mrs. White occupied the land he referred to, nor how long. It is plain, we think, that it did not conclusively appear from this testimony that the statute of limitations had operated to divest Novich of title to the 3⅓-acre tract at the time he conveyed same to Harrell.

[6] The fourth assignment presents substantially the same question as the one presented by the assignment last disposed of. It will not be considered, because the ruling of the court complained of, to wit, the overruling of appellant's motion to enter judgment alowing him the set-off he claimed on account of the failure, as he alleged, of Novich's title to the 3⅓-acre tract, was not complained of in the motion for a trial as required by rule 24 for the government of this court (142 S. W. xii).

The judgment is affirmed.