**BAXTER et al. v. JARRELL et al.**

**No. 2023.**

Court of Civil Appeals of Texas. Beaumont.
Dec. 26, 1930.

Rehearing Denied Jan. 7, 1931.

V. E. Middlebrook, of Nacogdoches, for appellants.

Hodges & Creve, of Nacogdoches, for appellees.

**O'QUINN, J.**

Appellants were plaintiffs in the court below, and appellees were defendants. We shall refer to them as such. This is a suit by plaintiffs against defendants, who constitute the board of trustees of the Nat consolidated school district of Nacogdoches county, Tex., attacking the legality of said district, asserting that, for various alleged reasons, the consolidation was not lawful and was and is, therefore, void.

The case was heard on plaintiffs' first amended original petition. They alleged the history of the move to form a consolidated school district out of the Nat common school district, the Flat Woods common school district, and the Friendship common school district. Then they allege that school patrons residing in each of the three said districts signed and presented to the county judge of Nacogdoches county a petition for an election to consolidate said three districts; that such election was ordered and held and the result canvassed and declared by the commissioners' court of said Nacogdoches county, consolidating said districts into the Nat consolidated school district. The election was held on August 22, 1925, and the votes canvassed, result declared, and order entered consolidating said districts on September 14, 1925. Appellants alleged that as they understood the petition was presented for and the election held for the purpose of consolidating said three common school districts for the creation of a rural high school for high school purposes only, but that the "county judge of Nacogdoches County, on receiving said petitions, called an election in the three several districts for the purpose of consolidation for school purposes, leaving out the word 'high' in said call of said election, and so departed from the request and prayer of all the petitioners and thereby varied the conditions of the contractual relations between all the parties concerned, as expressed in their petition to him, and without the knowledge or consent of the people concerned, and he did so without reference of the question to the people concerned and without any explanation whatever, and in so doing he perpetrated a legal fraud upon these plaintiffs," and that "these plaintiffs voted in said election almost unanimously for the consolidation of the districts, firmly believing at the time that such consolidation was for the establishment of a rural high school, and for high school purposes only, and for no other purpose."

They further alleged that when the returns of said election were canvassed and the order entered consolidating said districts, it was for the consolidation of said districts for high school purposes in accordance with the intention and prayer of the persons signing said petition for said election. They

further alleged that after the election consolidating said districts, the board of trustees for two years administered the affairs of the district in accordance with the purpose of a rural high school, but later failed and refused to do so. The differences and contentions of the parties, composed of plaintiffs and their supporters and the trustees and their supporters, are pleaded at great length, and it was alleged that finally an election was held to dissolve the consolidated district, but dissolution was defeated, and then an election was ordered and bonds voted in the district for the purpose of erecting a school building at Nat, this over the protest of plaintiffs and the patrons residing in the old Friendship common school district.' This election was September 8, 1928.

It was further alleged that immediately after the voting down of the proposition to dissolve the district, a majority of the trustees of the consolidated district decided to dispense with the primary school—in fact, the entire school—at Friendship and to require all children of said Friendship common school district to attend school at the Nat building, which was in contravention of and contrary to the "original understanding and the petitions for the election for high school purposes," which said act was a direct fraud upon the trustees and citizenship of Friendship district, perpetrated by a majority of the board of trustees of the Nat district.

It was further alleged:

"8. The first intimation the two trustees for the Friendship district and the citizenship and patrons of Friendship district had of the unwarranted, illegal and fraudulent acts of the majority of the board of trustees for the Nat district was immediately after the holding of the election for the dissolution, which is plead above and at which time the majority of the board of trustees for Nat district without the knowledge and consent of the two trustees for the Friendship district, and the patrons of the Friendship district went to the Friendship school building, and moved the furnishings, such as seats and desks and maps and charts, and heating fixtures, etc., from the Friendship school building to Nat school building; and when the two trustees from the Friendship district and the citizens of said district learned of this they remonstrated with the board of trustees who lived in Nat district and which constituted a majority of said board, and upon so doing were informed that they were also going to tear down and move the Friendship building, and from that time on, maintain school only at Nat, and that for all grades including primary and high school students, and were going to require all students in Friendship district in the scholastic age to attend school at Nat school building; and such action upon the

majority of said board of trustees was unrighteous inequitable and contrary to all agreements made between the parties and contrary to the petitions seeking the consolidation for high school purposes only, and was a perpetration of a direct fraud upon the rights of these plaintiffs; and these plaintiffs immediately upon learning of the fraudulent acts, intents and purposes of said majority of said board, which acts of said majority of said board were and are unreasonable, inequitable, and without warrant of law, as applicable to the intent and purpose of all the parties, and citizens of each district; and immediately sued out an injunction to compel said board of trustees to place the property of Friendship district so removed from their school building back in the Friendship Building, and obtained such injunction, and the most of said fixtures and property under the order of the district court of Nacogdoches Co., Texas, was by said majority of said board removed from Nat and placed back in the Friendship school building, and still remains there. Said injunction was sued out before Hon. W. S. Ramsey District Judge for the First Judicial District of Texas, sitting in the District Court of Nacogdoches Co. on a change of districts with the District Judge, Hon. C. A. Hodges of the Second Judicial District, and Judge Ramsey was in no wise disqualified. Later Judge Hodges sustained a general demurrer to the plaintiff's petition, notwithstanding the fact that he was put upon notice by written plea that he was disqualified on account of relationship to one of the members of the board of trustees and from his judgment sustaining the general demurrer these plaintiffs appealed to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, and in appellants brief in addition to the proposition of Judge Hodges' disqualification asked the Honorable Court of Civil Appeals to pass upon the proposition of the right of these plaintiffs to go into the courts of the country without first going thru the various educational boards, and said Court of Civil Appeals did graciously respond to said request, and held that before these plaintiffs could go into the courts of the country that they should first pursue the course of the educational boards, and get redress there, if they could, and not till such time were they entitled to prosecute their cause in the courts of the country.

"9. After the decision of the Honorable Court of Civil Appeals referred to in the above, was made these plaintiffs presented their petition to the board of trustees of the Nat district praying that board to maintain primary school at Friendship as they had previously done for the first two years, and in accordance with their agreement and the petitions and the order of the Commissioners Court, for such consolidation; and said majority of said board of trustees refused to

maintain a primary school at Friendship school building and undertook to require and did require all of the children of scholastic age in Friendship district to attend school at Nat; and such order of said majority of said board of trustees was wholly contrary to the original agreement and undertaking of all parties concerned, and was and is inequitable and unreasonable, because it is wholly impractical to transport all of the children from Friendship district to Nat, because the roads during much of the year and especially in the winter are very bad, and at times impassible for such conveyance as would be required to transport the students, and it would be impossible to do so, and this said board of trustees well knew because it has already happened that the children in the high school grades could not be conveyed to the school in proper time nor back to their homes in proper time, altho such children in high school grades were old enough and large enough to meet the transfer bus, or truck, at the convenient places in the mornings, and depart therefrom at the delivery man convenience in the afternoon; and because further of the great distance from parts of Friendship district to Nat school building, it would be wholly impractical at any time of the year to transport all of the school children to the Nat school building, both as to convenience of the party running the truck and as to the safety and welfare of children of tender years in the scholastic age; and much of the time in the winter it was impossible for the delivery of all of said children from the entire Friendship District to Nat building on account of the bad and impassible roads and streams; and such order of said majority of the board was in direct conflict with the agreement of all the parties concerned, and was unrighteous and inequitable and without warrant of law, as applicable to the agreement entered into heretofore plead, and was the perpetration of a direct fraud upon these plaintiffs, and their children.

"10. These Plaintiffs upon finally getting a decision of the majority of said board, as stated above appealed from such decision, refusing to maintain a primary school at Friendship, to the county superintendent of public instruction of Nacogdoches County, Texas; and upon a hearing of said cause that official held that she had no authority over the Nat board, and therefore could not make any order requiring them to do anything; and from this order these plaintiffs appealed to the County Board of education or trustees, and a majority of the County Board held with the County Superintendent, that it had no authority to order the board for Nat district to do anything, and could give the plaintiffs no relief, but recommended that the board maintain a primary school at Friendship, and a majority of said board held that they did have authority to require the board to maintain

primary school at Nat, and also that it had authority to declare the legality or illegality of the attempted consolidation of the districts and that in their judgment the attempted consolidation was void, and at least that under the agreement the board of trustees were compelled to maintain primary school at Friendship building; and from a decision of the majority of the County board of trustees these plaintiffs immediately appealed to the State Superintendent of public instruction.

"11. The State Superintendent S. M. N. Mars, upon the appeal after consideration of the records determined that the consolidation was for consolidation for high school purposes as evidenced by the petitions, and in accordance with the will and wish of the people concerned, if any consolidation had been had, and further held that the attempted consolidation was void, because of the unauthorized act of the County Judge in calling an election upon petitions which the law did not warrant him calling, and that but for the validating act since the attempted consolidation there would be no consolidation, and further held that the validating acts of the legislature since the attempted consolidation did consolidate the district for school purposes, or made such consolidation legal, and held that it was for school purposes generally, and entered his order and decree accordingly. He further found upon the record, that it was impractical for all of the students of the entire district and those of Friendship district to attend school at Nat, and entered his order and decree commanding the board of trustees to maintain primary school at Friendship building for the scholastic year 1929–30; and further held that the County Superintendent, the County Board of Education did have authority to order the board of trustees to maintain primary school at. Friendship building, for the primary students of Friendship district.

"12. Plaintiffs immediately appealed from that part of the decision of the state Superintendent holding that it was a legal school district, without regard to the high school purposes, by the State Superintendent, on account of the validating acts, to the State Board of Education, and that body handed down its decision sustaining the decision of the Honorable State Supt. but in addition thereto passed a resolution instructing the Nat district and Friendship district to desolve the relationship; and now these plaintiffs appeal from all of these decisions and especially the last decision of the State Board of education holding it to be a legal district, for general school purposes, without regard to high school, and for the maintenance of a primary school at Friendship school house for the scholastic year 1929–30, and from the decision holding that validating acts of the legislature made it a legal district,

without regard to high school purposes, and bring now their petition both upon appeal from the decisions mentioned above as well as their original petition in this Court, as contained herein; and they say that the decision of the board of trustees, and the County Superintendent and the County board of trustees, and the State Superintendent and the State Board of Education are contrary to the law and facts governing this cause, and that the validating acts relied upon by those judicatories as stated herein, do not and equitably should not, have the legal effect, and construction which the State Superintendent and the State Board of Education have placed upon them, but on the contrary such validating acts should and could have no other effect if any, than to validate the districts, as a rural high school district for high school purposes, only; for it is always the function and purpose of validating acts to make those things legal in accordance with the intent and purpose of the people concerned; and the very act, Art. 2744A passed by the 40th Legislature specifically restricts such validation to cases where the proper authority of the County had heretofore attempted to create or consolidate such district, and the attempted consolidation in this case for the purposes declared in the petitions, by the parties concerned was not by any proper or legal authority, of the County of Nacogdoches, and is therefore void. The different orders referred to above are here referred to and made a part of this pleading and will be used in evidence upon the trial of this cause, to-wit, the order of the board of trustees, disposing of the plaintiffs petition to it; the order of the County Superintendent and the order of the County Board of Trustees, and the order of the State Superintendent and the order of the State Board of Education.

"13. These plaintiffs allege further, and will show that the majority of said board of trustees refused to carry out the recommendations of the County Board of Trustees; and maintain a primary school at Friendship, and it failed and refused to carry out the order of the State Superintendent to maintain a primary school at Friendship; as they were in duty and by equity under the agreement of all the parties and said decisions bound to do. And these plaintiffs allege further and will show to the court that said majority of said board of trustees, not only refused to provide free public school for the primary students at Friendship school building as they were equitable and in duty bound to do, under the agreement with these plaintiffs, for the scholastic 1928–1929, and did take and appropriate the free public money apportioned to and for the scholastic students in the primary grade in the Friendship district, without warrant of law, and in violation of their duties as trustees, in the sum of $971.50; and said acts of said board of trustees was against and contrary to the agreement entered into in the beginning, and without warrant of law, and to these plaintiffs damage for the use and benefit of Friendship district No. 11, in the sum of $971.50, being the amount apportioned by the State for the number of students in the primary grades, for said year in Friendship District; and such act constituted a direct fraud upon and against these plaintiffs; and the said trustees collectively and individually are justly and legally liable to these plaintiffs for the use and benefit of the Friendship Common School District in said sum.

"14. This appeal and cause is brought in the District Court of Nacogdoches Co. Texas, to the First term after the decision of the Honorable State Board of Education referred to above; and these plaintiffs allege that all of the proceedings by said board of trustees, since the attempted consolidation for high school purposes were and are null and void, and the acts of said trustees thereunder were and are null and void.

"15. They allege further that under the present law of grouping for high school purposes Nat no longer has any high school but is grouped with another and different district, for high school purposes, and therefore it will be impossible for Nat District to handle and teach the high school students who live in the territory of the Friendship District, or even of the Nat district itself, under the attempted consolidation for high school purposes, and therefore the agreement between these plaintiffs and Nat district could not be carried out by said board of trustees even though they were willing to do so, and of this said board of trustees is well aware, and its attempt to require the student body residing in Friendship district to attend school at Nat and to have the future public school funds appropriated to Nat district, is in direct conflict with the agreement of the parties concerned, and the perpetration of a fraud upon these plaintiffs.

"16. After the legal proceedings were instituted as has been stated above a majority of the board of trustees conceived the idea of issuing bonds for the purpose of building a school building for general school purposes, without regard to high school at Nat and to levy a tax to provide a sinking fund and interest on such bonds and did call an election for such purpose, and in the call of said election, including a field note description of the property which was to be taxed, to support said bonds, said board included all of the real estate in Friendship Common School District No. 11, as it originally existed; a copy of the notice of said election together with the field notes attached thereto is plead as Exhibit B, in the plaintiff's original petition and attached hereto, and is here referred to and made a part of this pleading as if

copied in haec verba herein, and will be used in evidence upon the trial of this case, and these plaintiffs are informed that a majority of the votes cast at said election was for the issuance of $10,000.00 of bonds for the purpose of building a school building at Nat, and that the record is now on file with the Attorney General of the State of Texas, for approval, but the same had not been approved and plaintiff's counsel has written promise from the Attorney General that the proposed bonds will not be approved by him, until the litigation is finally disposed' of and therefore no injunction is sought in this cause against the approval of said bonds. Said board of trustees well knew at the time that they petitioned for the election for such bonds, or by reasonable inquiry would have known that it had no authority under the existing conditions, to hold such election, and it well knew that to levy a tax against the property of these plaintiffs to support a bond issue for the building of a common school building at Nat, was entirely contrary to the original understanding and agreement between all of the parties; and such act upon the part of said trustees was in contravention of said agreement, and the perpetration of a direct fraud upon these plaintiffs, and if said bonds should be issued and sold, and a tax levied against these plaintiffs' property, to pay off said bonds, the same would be done, contrary to the agreement of the parties concerned, by a majority of said board, and as stated before there is always a majority of said board in Nat district, and majority of voters in Nat district, and these plaintiffs are helpless when it comes to maintaining their legal and equitable rights against said majorities; and said majorities both in said board of trustees and said voting population, if permitted to do so, will inflict upon these plaintiffs a tax burden upon their property for many years, without any benefit to these plaintiffs, and contrary to the original agreement as to all of such matters and such acts are and would be a direct fraud perpetrated upon these plaintiffs by the defendants. In connection these plaintiffs do note that the calling and holding of said election for said $10,000.00 of bonds, and the proceedings pertaining thereto were legal; but specifically deny their legality."

The prayer was:

"Wherefore your petitioners, plaintiffs herein pray that upon a final hearing of this cause that the attempted consolidation be held null and void, and that the orders of the board of trustees the County Superintendent, the County Board of trustees, (by the majority thereof) the State Superintendent of Public Instruction and the State Board of Education, be set aside, and held for naught, and void; and for judgment against the said board of trustees, mentioned above, that is the majority complained of, jointly and sev-

erally for the sum of $971.50, for the use and benefit of Friendship school, and the scholastic students therein, and for costs of suit, and that said election for said $10,000.00 bonds be held null and void, and judgment entered accordingly, and at least that said bond election be held void as to levying any tax upon any of the property of said plaintiffs, located in the territory known as Friendship district No. 11, and in the alternative if the court should hold that the acts of the Legislature has validated the district, then, that the court find and decree that such validation is for the purpose of creating a rural high school, and for high school pur-( poses only, as was the original intent of the parties, as expressed in their petitions, and as decreed by the Commissioners Court, upon the election held; and for such other and further relief both general and special as they may show themselves in law and equity entitled to receive."

The defendants answered by general demurrer, general denial, and specially that on July 29, 1925 (August 22, 1925), an election was held in the three common school districts under article 2806, R. S. 1925, and said districts were consolidated, as Nat consolidated school district No. 12, and that trustees for same were duly elected, qualified, and have been acting as such since, all of which, they say, was pleaded by plaintiffs in their original petition. They further answered that said districts were not consolidated under article 2922a, R. S. 1925 (the law providing for formation of rural high school districts) nor the amendments thereto by the grouping by the county board of trustees, but was duly consolidated under article 2806, R. S. 1925, for school purposes and was an accomplished fact and has been since so maintained, and that said organization cannot be questioned nor attacked in this suit; that the local board of trustees have the authority to control and manage said school.

Plaintiffs by supplemental petition replied to defendants' answer by general denial, and specially denied that they had pleaded a consolidation of the districts as alleged by defendants, and denied that the districts were consolidated for school purposes, as pleaded by defendants, and reiterated their allegation that the trustees of the consolidated district had no authority over Friendship common school district because they say no legal consolidation of the said districts had been had, and in the alternative that if said districts were consolidated then it was by virtue of a curative act of the Legislature, and therefore such consolidation could only be for high school purposes.

The cause coming on for trial, the court sustained defendants' general demurrer, and plaintiffs refusing to amend, judgment was entered discharging defendants from further

appearance in the case. This appeal is from that judgment.

Defendants object to our considering plaintiffs' brief because plaintiffs filed no assignments of error in the trial court, none are brought up in the transcript, and none appear in plaintiffs' brief. Plaintiffs in their brief state that no assignments of error were filed in the trial court, for the reason, they say, it is not required to do so where a case is disposed of upon general demurrer. In the absence of assignments of error only fundamental error may be considered. It is well settled that the sustaining of a general demurrer, if error, is fundamental error and may be assigned as such, or may be considered without assignment. 3 Tex. Jur. § 571, p. 808. Plaintiffs present seven propositions, all of which point to the action of the court in sustaining defendants' general demurrer to their petition, asserting that the court erred in sustaining the general demurrer. We think these propositions should be overruled for the following reasons:

(a) Plaintiffs' petition shows upon its face that the election was ordered as provided by article 2806, R. S. 1925, for the consolidation of the three common school districts for school purposes, and that same was carried almost unanimously, and that the returns of said election were duly canvassed by the commissioners' court and an order entered declaring the result of the election and consolidating the districts. But plaintiffs deny that they pleaded any such consolidation. Defendants in their answer say that plaintiffs did so plead in their original petition. However that may be, they do plead in their first amended original petition, upon which they went to trial, that the county judge ordered the election for school purposes, and that in so doing he left out of his order the word "high," thus changing the purpose for which the petitions for the election had been signed. In other words, that the petitions were for an election to determine whether the three common school districts should be consolidated for the purpose of forming a rural high school district, and not merely to consolidate them for school purposes. Article 2922a, R. S. 1925, which was then the law providing for the formation of rural high school districts, and prescribing how same could be done, did not provide for the forming of such districts by a vote of the districts to be consolidated, but authorized and required that rural high school districts could and should be formed by the county board of school trustees grouping or combining contiguous common school districts. The forming of a rural high school district, under the law, could not have been done as pleaded by plaintiffs by an election. Plaintiffs were presumed to know that such was the law. This being the law, and every one presumed to so know, the action of the county judge in ordering the election on the petition, leaving out of his order the word "high," if he did, was only to make the petitions conform to the law, and hence was neither a fraud upon the petitioners, nor an error invalidating the petitions or the order for the election. Plaintiffs made no objection to the election so ordered, but acquiesced in same and voted for the consolidation, or at least that is the inference from their pleadings, and accepted the benefits of the consolidation for a time, and later becoming dissatisfied with the management of the school affairs as directed by a majority of the trustees, entered their protest and finally instituted this suit attacking the legal existence of the district. There was no previous charge of illegality in the formation of the district. There is no insistence now that the consolidation was not in accordance with article 2806, R. S., but the insistence is that the intention of the election was to consolidate the three common school districts for rural high school purposes only. As already stated, the districts could not have been consolidated for rural high school purposes by a vote of the districts, but the consolidation as was done was strictly in accordance with article 2806, R. S. We do not believe that plaintiffs should be heard to say that the consolidation of the common school districts in the manner provided by law should be declared void because they did not understand the law, or were misled by the procedure by which the consolidation was had.

(b) If there was any irregularity in the consolidation of the districts, that would for any reason render the formation of the consolidated district illegal, same was cured and the said district was validated and made legal by an act of the State Legislature therefor, to wit: Act of the Fortieth Legislature, First Called Session, c. 71, p. 196, effective June 8, 1927 (Vernon's Ann. Civ. St. art. 2744a). See also Act Forty-first Legislature, General Laws, c. 298, p. 666 (Vernon's Ann. Civ. St. art. 2802a). So that at that time this suit was filed, February 18, 1930, the district was a valid existing district, and cannot here be questioned by plaintiffs.

The court did not err in sustaining the general demurrer to plaintiffs' petition. The judgment should be affirmed, and it is so ordered.

Affirmed.