**STILLMAN v. HIRSCH.**

No. 10100.

Court of Civil Appeals of Texas. Galveston.
May 8, 1935.

Rehearing Denied June 6, 1935.

Robt. L. Sonfield, of Houston, for plaintiff in error.

B. F. Louis and Murray G. Smyth, both of Houston, for plaintiff in error on rehearing.

Hirsch, Susman & Westheimer, of Houston (I. Mark Westheimer, of Houston, of counsel), for defendant in error.

LANE, Justice.

This suit was brought by Maurice Hirsch, hereinafter for convenience some times referred to as "the plaintiff" and at other times as "appellee," against Phillip Stillman, hereinafter referred to as "the defendant" or as "appellant."

Plaintiff in his original petition, pleaded, reduced to its essentials, that he had become the owner of 22.22 per cent. of the capital stock of the Union Realty Corporation, the defendant had become ·the owner of 38.88 per cent. of such stock, and one Will Minchen was the owner of 38.88 per cent. of such stock; that such company was indebted in the sum of $17,000 to the Seaport National Bank, such money being borrowed upon the agreement among the stockholders that they would be responsible for the indebtedness of the company in proportion to their ownership of the stock; that such company ceased doing business, and it became necessary for each party to ;pay off his proportionate part of the $17,000 obligation of the company; that plaintiff and Minchen paid off their part thereof by the execution of their personal notes. That by reason of the defendant's connection as an officer of the bank, defendant's part thereof, amounting to approximately $6,483.03, was paid by the execution of the company's note, which · note the plaintiff was persuaded to indorse by the defendant's agreement to reimburse him for any liability which he might sustain by reason of such indorsement. That, notwithstanding such agreement, upon the maturity of such obligation, the defendant failed and refused and continues to fail and refuse to pay the same, although the payment of the same was duly and repeatedly demanded of him; that by reason of the defendant's failure and refusal to pay such note or any part thereof, it became necessary, by reason of his indorsement, for the plaintiff to pay such obligation, and upon demand by the City Bank & Trust Company the plaintiff did pay such obligation in full and the note in question was by the City Bank & Trust Company indorsed and assigned to the. order of this plaintiff, without recourse on the assignor, as evidence of the payment and discharge of such note by the plaintiff; that by reason of the facts here- in alleged the defendant is obligated to pay and reimburse this plaintiff the principal amount of such note, to wit, $6,483.03, with interest thereon at the rate of 8 per cent. per annum from September 9, 1930.

By his amended answer defendant made a certain written contract entered into between the plaintiff Will Minchen and himself a part thereof. The contract pleaded, among other things, provides that Stillman assumes 38.88 per cent. of the obligations of the Union Realty Company, amounting to the sum of $17,000, same being evidenced by a note payable to the Seaport National Bank by the Union Realty Company. He alleged that such written agreement constituted a full settlement of the rights and liabilities of the parties thereto.

Defendant further alleged in his answer that under the terms and provisions of their contract he agreed to pay, and did pay, the sum of $757.79, represented by a note, to the Seaport National Bank executed by Minchen, and also the sum of $2,700 in cash, and transferred to Minchen . ten shares of stock in the Seaport National Bank; that defendant fully carried out the terms of the contract so agreed to by him; that such contract sets out the indebtedness of Union Realty Corporation as $17,000, represented by one note; that as a matter of fact such note did not represent money borrowed only by the corporation, but there was grouped in this note various personal transactions of the parties; that on or about September 4, 1929, the settlement between the parties of the written contract was consummated; that there was executed by Minchen one note in the sum of $9,200,. the execution by plaintiff of one note in the sum of $3,- 780, and the execution by Union Realty Corporation, bearing the indorsement of plaintiff, of one in the sum of $6,609.60; that defendant paid out the amounts of money above set forth and provided to be paid by him in the contract; that same constituted a complete settlement and compromise of all matters between plaintiff and defendant; that the note sued on was executed pursuant to such written contract, and defendant is in no manner liable thereon; that at the time of the execution of such notes it was mutually agreed between plaintiff and defendant that there would be no kind or character of liability .on the part of defendant for

any of the obligations of Union Realty Corporation.

Defendant further pleads the two and four years' statutes of limitation (Vernon's Ann. Civ. St. arts. 5526, 5527), and that if any certain agreements were ever made as alleged by plaintiff, same, not being in writing, are void under the statute of frauds.

Defendant further pleads that it affirmatively appears from plaintiff's petition that his name was not signed to the note in question, and plaintiff is attempting to charge this defendant with liability on the promissory note to which his name does not appear in any capacity, and further attempts to vary the terms of the written contract by a verbal contract.

Replying to the new matter set up in defendant's first amended original answer, to wit, the contract, in which he admitted the execution of such contract and admitted its binding effect, plaintiff again pleaded the defendant's obligation to pay 38.88 per cent. of the obligations of the Union Realty Corporation as verbally agreed and as set out in such contract, had been paid by a note of the Union Realty Corporation, which note he had indorsed upon the defendant's express agreement to reimburse him for any liability thereon, and further pleaded that in addition to the liability of the defendant to him under his express agreement to reimburse him, that the plaintiff had, by the payment of such obligation, become subrogated to the rights of the holder of the note under the terms of the contract, under which contract the defendant had assumed that part of the total obligation of the Union Realty Company represented by the note.

Defendant in his supplemental answer alleges, among other things, that defendant executed the written contract, a copy of which is attached to his answer, relying on the statements and representations of plaintiff that same represented a complete settlement of account between the parties with reference to Union Realty Corporation; that he paid in cash the money provided by said contract to be paid by him based upon the representations and in the belief that in so doing he would completely settle all matters of controversy concerning the corporation; that otherwise he would not have executed the contract and would not have paid the money; that plaintiff was attorney for the Seaport National Bank and also for this de-

fendant, and defendant had every reason to rely, and did rely, on his statements and representations; that such representations were so made with the direct purpose and intent of procuring the execution by defendant of such contract, and same did so procure the execution of same by defendant; "that by reason of the facts herein pleaded and the facts pleaded by defendant in his amended answer previously filed herein, plaintiff is here now estopped to claim any liability on the part of defendant or that the defendant is indebted to him in any sum of money."

The case was submitted to a jury on one special issue only, as follows: "Do you find from a preponderance of the evidence that on or about May 3rd, 1929, the defendant, Stillman, agreed with the plaintiff, Hirsch, that he, Stillman, would reimburse the plaintiff, Hirsch, for any liability of Hirsch as endorser upon a note to be executed by the Union Realty Corporation to the Seaport National Bank in the sum of $6,609.60?"

The answer of the jury to such inquiry was: "We do."

Upon the verdict of the jury and the evidence, the court rendered judgment for the plaintiff against the defendant for the sum of $7,766.08, being the sum due on the note together with interest thereon from its date. Defendant timely excepted to such judgment and has brought the cause to this court upon a writ of error.

Appellant filed no motion for new trial in the trial court, nor has he filed in said court any assignments of error.

By appellant's propositions 2 to 5, inclusive, he complains of the ruling of the trial court in refusing to submit to the jury his specially requested issues Nos. 1 to 5, inclusive, insisting that such refusal constitutes reversible error.

We overrule such contention, holding that such propositions or assignments are for the reasons hereinafter set forth not entitled to a review by this court.

The requested issues, the submission of which was refused by the court, are as follows:

No. 1: "Do you find that at the time of the execution of the note by the Union Realty Corporation to the Seaport National Bank in the sum of $6,609.60 that Hirsch agreed with Stillman that said note constituted Hirsch's own personal obliga-

tion? Answer yes or no as you may accordingly find the facts to be."

No. 2: "Do you find that at the time of the execution of the. written contract of the 3rd of May, 1929, Hirsch represented to Stillman that if Stillman executed the contract and paid to Minchen $757.79 and $2,100.00 in cash and delivered to Minchen ten shares of stock, he would be relieved from further liability for the indebtedness of the Union Realty Corporation? Answer yes or no as you may accordingly find the facts to be."

No. 3: "If you have answered the foregoing 'Yes,' and only in that event, then answer: Did the said Stillman rely on the representations so made to him by the said Hirsch? Answer yes or no as you may accordingly find the facts to be."

No. 4: "If you have answered the foregoing 'Yes,' and only in that event, then answer: Do you find from a preponderance of the evidence that Hirsch made the said representation to Stillman with the intent and purpose of inducing Stillman to execute said written contract of May 3rd, 1929? Answer yes or no as you may accordingly find the facts to be."

No. 5: "Do you find that said note for the sum of $17,000 executed by the Union Realty Corporation to the Seaport National Bank, dated May 3, 1929, represented another obligation than the money borrowed by said corporation? Answer yes or no as you may accordingly find the facts to be."

It is clear, we think, that the refusal of the requested issues mentioned was not fundamental error apparent of record.

By article 2232, Revised Civil Statutes of 1925, it is provided that new trials may be granted, judgments arrested or set aside, on motion therefor for good cause, on such terms as the court shall direct, and that such motion shall be in writing and shall specify each ground on which it is founded, and that no ground not specified shall be considered. It also provides that such motions shall be filed in the trial court.

It is clear, we think, that by the passage of this statute the Legislature intended to require a litigant seeking to have a judgment of a trial court set aside to give such court notice of the error complained of so as to afford the court an opportunity to correct such error, if any, and that in the event no such opportunity is af-

forded by directing the court's attention to such error by an assignment or motion specifying the error complained of, no ground urged for the first time on appeal shall be considered as cause for setting aside the judgment on appeal, unless such error be a fundamental error apparent of record. It is, we think, well settled that in the absence of assignments of errors only fundamental errors may be considered. Baxter v. Jarrell (Tex. Civ. App.) 34 S.W.(2d) 315; Byars v. Coleman (Tex. Civ. App.) 40 S.W.(2d) 849; Harris v. Harris (Tex. Civ. App.) 44 S.W.(2d) 802. Assignments urged for the first time on appeal should not be considered; Commercial Casualty Ins. Co. v. Hamrick (Tex. Civ. App.) 60 S.W.(2d) 247, 250.

In the case last cited it is said: "Occurrences during the progress of the trial (except fundamental errors), unless specified in the motion for new trial, will be considered waived (see subdivision 3, art. 2232, R. S. 1925), and cannot be considered, although embodied in the brief filed on appeal. This provision of article 2232 was not changed by the amendment to article 1844, chapter 75, page 117, Acts of 1931 (Vernon's Ann. Civ. St. art. 1844)."

For the reasons pointed out, we do not think that appellant's assignments complaining of the refusal of the court to submit to the jury his requested issues Nos. 1 to 5, inclusive, as presented to this court, are entitled to a review by this court.

There is this, another and unanswerable, reason why the assignments mentioned are not entitled to a consideration by this court: Assignments of error to the giving or refusal of charges cannot be reviewed in the absence of exceptions, and in this case no exception is shown to have been taken to the refusal of the court to give the charges mentioned.

By article 2237, Vernon's Ann. Civ. St., it is provided that if either party during the progress of a cause is dissatisfied with any ruling, opinion, or other action of the court, he may except thereto at the time the ruling is made, or announced, or such action taken, and at his request he shall be given time to embody such exceptions in a written bill; that the preparation and filing of bills of exceptions shall be governed by the following rules: Rule or subdivision 3 of the article reads as follows: "3. The ruling of the court in the giving,

refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to."

The following holdings have been made in the cases here mentioned, respectively:

Under this subdivision [subdivision 3, article 2237] and arts. 2185–2187, plaintiff, not excepting to refusal of his requested special ˙charges, and whose only objection was filed after judgment, held to have approved the charge. Moore v. Cooper Mfg. Co. (Tex. Civ. App.) 171 S. W. 1034.

"Trial court's refusal of appellant's special charge must be treated as approved by him, where he failed to except thereto as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 2061, so that his assignment of error thereon would be overruled." Orand v. Whitmore (Tex. Civ. App.) 185 S. W. 347.

"There being no formal bill of exceptions, and the record showing merely that, when the case was called, appellant presented written objections to the charge given, and requested a special charge, and the court merely indorsed on both documents his signature after the word 'refused' held, under the act of 1913 (Acts 33d Leg. c. 138) * * * that appellant waived his objections to the court's charge and the refusal." St. Louis Southwestern Ry. Co. of Texas v. Downs (Tex. Civ. App.) 186 S. W. 864.

In view of this subdivision and arts. 2185, 2187, where plaintiff did not except to refusal of instructions, he is in attitude of having approved rulings at trial, and hence assignments of error based thereon will be overruled. Cummens v. Owen Bros. Const. Co. (Tex. Civ. App.) 192 S. W. 792.

In J. G. Smith Grain Co. v. Payne (Tex. Civ. App.) 290 S. W. 841, 842, it is said: "The transcript in this case contains neither motion for new trial nor assignment of error. Such being the case, only fundamental error can be considered."

·The rule last announced applies in cases tried before a jury, as was the present case.

If, however, we have erred in holding that appellant's complaints of the refusal of the trial court to submit to the jury the five special issues requested by him, and are by law called upon to consider such complaints, we would overrule each and all ˙of them for the following reasons:

(1) Appellant was not entitled to a submission of an issue attacking the written contract of date May 3, 1929, for fraud and misrepresentation in its execution, in that he pleaded the same as a binding contract between the parties thereto, and having so pleaded it, he was and is bound by its terms.

(2) It was not error to refuse to submit defendant's requested issue, "Do you find that at the time of the execution of the note by the Union Realty Corporation to the Seaport National Bank in the sum of Six Thousand Six Hundred Nine Dollars and Sixty Cents ($6,609.60) that Hirsch agreed with Stillman that said note constituted Hirsch's own obligation?" for the reason that there was not sufficient pleading or evidence in the record raising the issue of the execution of such a contract.

(3) The defendant having in his pleadings alleged with respect to the contract of May 3, 1929, that the same was executed by him "relying on the statements and representations of the plaintiff that same represented a complete settlement of accounts between said parties with reference to Union Realty Corporation," such allegations are not allegations of misrepresentations amounting to fraud, and defendant is not entitled to complain of the court's action in refusing to submit issues attacking such contract for fraud and misrepresentation in its execution.

(4) As the contract pleaded and recovered upon was, as found by the jury, upon sufficient evidence, that the defendant would reimburse the plaintiff for any, liability as indorser of˙a˙ note, ˙and the evidence showed that such note was renewed in its original form with the plaintiff's indorsement thereon, from time to time, until December 8, 1930, at which time plaintiff was called upon to pay such note under his indorsement, and did pay it for the first time, the plaintiff's cause of action did not accrue until December 8, 1930, and the statute of limitations did not commence to run until that date. Wherefore, the court did not err in refusing to submit the question of limitation to the jury.

(5) The verbal contract between the plaintiff and defendant being made primarily to serve the defendant, it is not

a promise to pay the debt of another within the meaning of the statute of frauds.

We have above set out the one special issue submitted to the jury, to which reference is here made. Appellant has in his brief incorrectly stated such issue and based his first assignment of error on such incorrect statement, insisting that the court erred in submitting such issue, because it is a submission of a question of law, in that it submits for the determination of the jury an interpretation of the contract entered into between the parties. Such contention is overruled for several reasons: Because (1) no such objection to the charge as here complained of was made in the trial court; (2) there is no ambiguity in the written agreement. Appellant so contends and he pleaded same and alleged that it was at the time it was entered into a complete settlement between the parties, therefore the submission of the issue, if it was such as contended here, was then only a submission of an undisputed fact, and the answer of the jury thereto was harmless; (3) such issue was not a submission to the jury for its interpretation of the written contract or agreement, but was one as to whether or not after the written contract was entered into appellant entered into a verbal agreement with appellee that appellant would reimburse appellee for any liability incurred by him as indorser upon a note to be executed by the Union Realty Corporation to the Seaport National Bank in the sum of $6,609.60.

The plaintiff sued, not upon the written contract of May 3, 1929, or any prior verbal contract, but on an alleged contemporaneous or subsequent agreement made by appellant to reimburse plaintiff for any liability which plaintiff might incur by indorsing a note to be given for a liability imposed upon defendant Stillman by the terms of the written contract.

The submission of special issue No. 1, complained of by appellant, was the submission of the issue as to whether or not the contemporaneous or subsequent verbal contract alleged by the plaintiff was entered into between the parties. It is apparent, we think, that no question of law was by such issue submitted to the jury, as contended by appellant.

By what we have said, all contentions made by appellant have been disposed of adversely to him, and since we have discovered no reversible error committed in the trial of the case, the judgment rendered is affirmed.

Affirmed.