## HARDIN v. HANSON et al. (No. 1102.)

(Court of Civil Appeals of Texas. El Paso. March 25, 1920. Rehearing Denied April 22, 1920.)

**1. Continuance ⬤⟿26(11) — Property refused where nonresident witness had not been served and no deposition taken.**

It is not error to overrule a motion for continuance for a witness residing out of the county of trial who has not been served by subpœna and from whom no deposition has been taken.

**2. Appeal and error ⬤⟿544(1)—Bill of exceptions necessary to review refusal of continuance.**

Where no bill of exceptions has been reserved to the refusal of a judge to continue a trial for absence of witnesses, the Court of Civil Appeals will not review the ruling.

**3. Appeal and error ⬤⟿301—Assignments of error not set out in motion for new trial will not be considered.**

Assignments of error not set out in the motion for new trial or otherwise assigned in the trial court will not be considered when objected to.

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Suit by T. J. Hanson and others against W. J. Hardin and others. Decree for plaintiffs, and the named defendant appeals. Affirmed.

Y. W. Holmes, of Comanche, for appellant. Goodson & Nabors, of Comanche, for appellees.

HARPER, C. J. Appellees T. J. Hanson and wife, Arminda Hanson, Judge Hanson, Alma Gregory joined by her husband, E. B. Gregory, and Nora Belyeu joined by her husband, L. L. Belyeu, sued appellant, W. J. Hardin, for cancellation of a certain instrument executed by them to one C. M. Caldwell, also made defendant, called an oil and gas lease on a certain 800 acres of land in Comanche county, Tex. They also prayed for removal of cloud from title by reason of the instrument. They· also set up the formal allegations in trespass to try title, with proper prayer for judgment for title, possession, etc.

The grounds for cancellation alleged by plaintiffs are substantially as follows:

"(1) As to the homestead 200 acres of T. J. and Arminda Hanson and as to the homestead 200 acres of Nora and L. L. Belyeu; because no legal acknowledgment as provided by the statutes of Texas was taken of either of the married women, and that the lessee or his agent was present at the time and knew of such defective acknowledgment.

"(2) That the lease as to the entire 800 acres was acquired by the fraudulent representations and agreements of the defendant W. J.

Hardin; which were known to him to be fraudulent at the time and that he had no intention to carry out, and did not intend to drill the well by August 1, 1918, but acquired the lease for speculative purposes.

"(3) That the specific agreement was to except from said lease the 20 acres off the north end of the Ed Roach tract and that only 20 acres of the A. J. Keener 116.8-acre tract was to be included in said lease, and that the remaining 96.8 acres of the A. J. Keener survey was not to be included in said lease as it belonged to a party who did not sign and was not a party to the lease.

"(4) That said written instrument was materially altered after its execution by writing in the names of the plaintiffs as lessors, filling in the field notes, including in the lease the 96.8 acres of land out of the A. J. Keener survey, owned by other parties than the lessors, and including in the lease the 20 acres of land out of the Ed Roach survey that was to be specifically reserved for the lease and writing in the name of C. M. Caldwell as lessee, all of which was without the knowledge or consent of the lessors, and pleading the same as forgeries and material alterations of a written instrument.

"(5) That there was no consideration agreed upon, paid or promised for the execution of said lease, but that the dollar that was paid was gratuitously given to all of the parties after they had signed, acknowledged and delivered the lease; and that the same was without consideration.

"(6) That the lease on its face was a unilateral contract without consideration and void for want of mutuality.

"(7) The suit was also brought as a statutory action of trespass to try title against the defendants for the title and possession of the premises."

Defendant Caldwell disclaimed. The oil company answered by general demurrer and general denial and, among other things, joining issue.

Appellant, W. J. Hardin, answered by general denial.

Tried by the court without a jury. The court found all things as alleged by the plaintiffs, rendered judgment cancelling the lease, and all assignments thereof, and decreed all right, title and interest in the lands to be in plaintiffs. From which W. J. Hardin appealed.

[1] Assignments 1 and 2 complain of the action of the court in overruling motion for continuance for a witness residing out of the county of the trial, who had not been served by subpœna and no deposition taken. This was not error. Lumber Co. v. Hampton, 126 S. W. 637.

[2] Besides, there was no bill of exceptions reserved, and, in the absence of such bill, this court will not review the action of the trial court in overruling the motion. Tex. Ter. Co. v. Thomas, 178 S. W. 710.

The third is:

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The court erred in rendering judgment for the plaintiff because there was not sufficient evidence to show that the land was the homestead of the parties, as alleged in the pleadings, so as to require the signatures of the married women."

And the fourth is that there is not sufficient evidence to show fraud.

There is evidence sufficient to require this court to affirm the judgment upon both propositions; but, if not, these were not all the grounds alleged by plaintiffs upon which a lawful cancellation could have been predicated, as indicated above, and we are not required to search the statement of facts to determine whether any one or more of such other grounds are supported by evidence.

[3] The fifth and sixth assignments were not set out in the motion for new trial and were not otherwise assigned in the trial court, and appellees have objected to the consideration of them. This motion is sustained. Walton v. Davis, 185 S. W. 1000. Appellate courts have no other alternative than to refuse to consider such assignments when objections are well taken as in this case.

Finding no error, the assignments are overruled, and cause affirmed.