## PRICE v. AMERICAN SURETY CO. OF NEW YORK.

### No. 9008.

Court of Civil Appeals of Texas. San Antonio.

Feb. 22, 1933.

Rehearing Granted March 29, 1933.

Motion for Rehearing Overruled April 26, 1933.

David E. Hume, of Eagle Pass, for plaintiff in error.

Jackson & Crawford, of Crystal City, and A. W. Penn, of Austin, for defendant in error.

MURRAY, Justice.

American Surety Company of New York, defendant in error, sued J. L. Price, plaintiff in error, alleging that it was a New York corporation with a permit to do business in Texas; that it was assignee of a judgment taken in North Dakota against J. L. Price and E. D. Smith, copartners. Such judgment did not recite that service was issued and served on J. L. Price, nor that he appeared in person or by attorney.

J. L. Price, plaintiff in error, complains in his first proposition that the surety company, defendant in error, did not prove that it had a permit to do business in Texas. This was not necessary. Article 1538 exempts cor-

porations which are required to secure certificates of authority to do business from the commissioner of insurance from the necessity of proving its permit to do business in Texas. This question is fully discussed in the case of American Nat. Ins. Co. v. U. S. Fidelity & Guaranty Co. (Tex. Civ. App.) 24 S.W.(2d) 474. We will not repeat the discussion here.

Price contends, in his second proposition, that the surety company, having alleged that he had been duly served with process and had appeared thereto by his duly authorized attorney, having filed an answer therein, should have been required to establish same by proof, and by his third proposition he contends that, being sued upon a foreign judgment, silent as to service, he was entitled to contradict the allegations of the petition as to service and jurisdiction. We will discuss these two propositions together, as they are very closely related.

The disposition we make of the third proposition renders any discussion of the second unnecessary.

There can be no question but that Price would have had a right to raise the issue of service under a proper plea. Easley v. McClinton, 33 Tex. 288; Mallory v. Russell (Tex. Civ. App.) 242 S. W. 1112; Norwood v. Cobb, 15 Tex. 500; Redus v. Burnett, 59 Tex. 576; Chunn v. Gray, 51 Tex. 112.

The only remaining question is, Was there a proper plea? Price made a plea to the jurisdiction which was excepted to by the surety company, but we find no order sustaining or overruling this exception. It will therefore be presumed it was not presented to the court, not acted upon by the court, and thereby waived by the surety company. However, in the absence of this plea we feel that Price should have been permitted to raise this issue. The surety company in their petition alleged "that the North Dakota Court had jurisdiction over the person of the defendant * * * and that the defendant was duly served with process in said action and appeared thereto by his duly authorized attorney, having filed an answer therein." To these allegations Price entered a general denial, thus putting in issue these very questions, and certainly, if it did not become the duty of the surety company to prove these allegations, Price should have been permitted to offer evidence to disprove them. This was refused him. However, Price was called to the witness stand by attorneys for the surety company, and, in answer to questions by them, denied that he had been served with process in the case in North Dakota; that he had ever entered his appearance there or authorized anybody else to do so for him.

At the close of the testimony, both sides requested an instructed verdict. The trial court refused the request of Price, but granted the request of the surety company. As all of the evidence in the case was to the effect that the North Dakota court did not have jurisdiction of the person of Price, the trial court should have given an instructed verdict for Price.

The judgment of the court below is reversed, and judgment here rendered for the plaintiff in error, J. L. Price.

On Motion for Rehearing.

Defendant in error has called our attention to the fact that, while there is no order striking out plaintiff in error's plea to the jurisdiction of the court of North Dakota, there is a notation that the trial court did not permit such plea to be read to the jury, and that he excluded testimony on this subject; that for this reason defendant in error did not develop his testimony on the question of jurisdiction of the North Dakota court. Under such circumstances we were probably in error in here rendering this cause.

Defendant in error contends that we should not have considered Price's assignments of error, as the record does not show that a motion for a new trial was filed or acted upon by the trial court. This contention is made for the first time in its motion for a rehearing.

Where the trial court withdraws the case from the consideration of the jury and gives an instructed verdict, the loser in the trial court need not file a motion for a new trial. The purpose of a motion for a new trial is to give the trial court an opportunity to pass upon questions that he has not theretofore had an opportunity to pass upon. Where the court instructs a verdict, the case stands on the same footing as cases tried before the court without a jury, so far as the necessity for filing a motion for a new trial is concerned. Article 1844, R. C. S. 1925, as amended by Acts 1931, 42d Leg. p. 117, c. 75, § 1 (Vernon's Ann. Civ. St. art. 1844); Egan v. Lockney Farmers' Co-op. Soc. (Tex. Com. App.) 284 S. W. 937; Phillips Petroleum Co. v. Booles (Tex. Com. App.) 276 S. W. 667.

The motion for a rehearing is granted to the extent that judgment will not be here rendered, but the judgment of the trial court will be reversed and the cause remanded.