PHILLIP STILLMAN v. MAURICE HIRSCH.

No. 6975. Decided December 9, 1936.
(99 S. W., 2d Series, 270.)

*B. F. Louis* and *Murray G. Smith,* both of Houston, for plaintiff in error.

The defendant in a law suit has the same right to have his

theory of the case submitted to the jury that the plaintiff has to the submission of his theory. The defendant is entitled, upon proper request, to a jury finding upon every defensive issue relied upon by him which is supported by the evidence. Fox v. Dallas Hotel Co., 111 Texas, 461, 240 S. W., 517; Horton & Horton v. House, 29 S. W. (2d) 984; Washington Natl. Ins. Co. v. Bumbrey, 78 S. W. (2d) 667.

*Hirsch, Susman and Westheimer,* of Houston, for defendant in error.

There was no error in the Court of Civil Appeals overruling defendant's assignments of error complaining of the trial court's refusal to submit his requested charge to the effect that the agreement between Hirsch and Stillman constituted Hirsch's own personal obligation; that if Stillman executed the contract and paid a specified sum he would be relieved from further liability on his endebtedness to the Union Realty Corporation, and that the contract was fraudulent. There was no error in overruling defendant's assignments of error in his motion for rehearing in the Court of Civil Appeals for the reason that the defendant, Stillman, having executed a contract imposing upon him the assumption of a portion of the obligation for the benefit of the bank and the plaintiff, Hirsch, had taken up the obligation to the then owner of same, he (Hirsch), as a matter of law, became subrogated to the rights of the bank and its successor against the defendant under the terms of the contract. Gulf, T. & W. Ry. Co. v. Dickey, 108 Texas, 126, 187 S. W., 184; Missouri, K. & T. Ry. Co. v. Churchill (Com. App.), 212 S. W., 155; Tomson v. Simmons, 180 S. W., 1141.

MR. JUSTICE SHARP delivered the opinion of the court.

This case involves important procedural questions with respect to statutes and rules relating to filing motions for new trial, including the action of the trial judge in giving, refusing, or qualifying instructions to the jury, and the filing of assignments of error, as may be considered prerequisite to appellate review by the courts.

The Honorable Court of Civil Appeals held: (1) That motions for new trial shall be filed in the trial court, and that such motions shall be in writing and specify each ground on which it is founded, and that no error not specified shall be considered (unless fundamental); and (2) that assignments of error to the giving or refusal of charges or special issues cannot be reviewed in the absence of exceptions thereto. 84 S. W. (2d)

501. Because of the important questions involved, a writ of error was granted.

This cause involves the construction of many articles of the statutes, and particularly Articles 1844, 2188, 2209, 2210, 2232, and 2237, Vernon's Annotated Texas Statutes, and Rules 24 and 25 for the Courts of Civil Appeals, as amended January 24, 1912, and Rule 71a, adopted on the same date, and Rule 101a, amended June 25, 1913, for the District and County Courts. For the sake of convenience, we set out the pertinent parts of the above-described Articles and Rules:

Article 2232 in part reads: "New trials may be granted and judgments arrested or set aside on motion for good cause, on such terms as the court shall direct. Each such motion shall:

\* \* \* \* \* \*

"3. Specify each ground on which it is founded, and no ground not specified shall be considered."

Article 2209 reads: "Where a special verdict is rendered, or the conclusions of fact found by the judge are separately stated, the court shall render judgment thereon unless set aside or a new trial is granted."

Article 2210 reads: "It shall be sufficient for the party excepting to the conclusions of law or judgment of the court to cause it to be noted on the record in the judgment entry that he excepts thereto; and he may thereupon take his appeal or writ of error without a statement of facts or further exceptions in the transcript; but the transcript shall in such cases contain the special verdict or conclusions of fact and law aforesaid, and the judgment rendered thereon."

Article 2188 reads: "When a special instruction is requested and the provisions of the law have been complied with and the trial judge refuses the same, he shall indorse thereon 'Refused,' and sign the same officially. If the trial judge modify a special charge, he shall indorse thereon 'Modified as follows: (stating in what particular he has modified the charge) and given, and exception allowed' and sign the same officially. Such refused or modified charge when so indorsed shall constitute a bill of exceptions and it shall be conclusively presumed that the party asking said charge presented the same at the proper time, excepted to its refusal or modification, and that all the requirements of law have been observed, and the same shall entitle the party requesting such charge to have the action of the trial judge in refusing or modifying the same reviewed without preparing a formal bill of exceptions."

Article 2237 in part reads: "If either party during the progress of a cause is dissatisfied with any ruling, opinion, or other action of the court, he may except thereto at the time the said ruling is made, or announced or such action taken, and at his request time shall be given to embody such exception in a written bill. The preparation and filing of bills of exception shall be governed by the following rules:

\* \* \* \* \* \*

"3. The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to."

Article 1844 provides that: "The appellant or plaintiff in error need not file assignments of error with the Clerk of the Court below but he may embody in his brief in the appellate court all assignments of error distinctly specifying the grounds on which he relies. All errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the Court to the error complained of. The appellee or defendant in error need not file his cross-assignments of error with the Clerk of the Court below but may embody them in his brief filed in the appellate court."

Rule 24 reads: "The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error as mentioned in rule 23."

Rule 25 reads: "To be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to identify it, whether it be the rulings of the court upon a motion, or upon any particular part of the pleadings, or upon the admission or the rejection of evidence, or upon any other matter relating to the cause or its trial, or the portion of the charge given or refused, the fact or facts in issue which the evidence was incompetent or insufficient to prove, the insufficiency of the verdict or finding of the jury, if special, and the particular matter in which the judgment is erroneous or illegal, with such reasonable certainty as may be practicable, in a succinct and clear statement, considering the matter re-

ferred to, and must refer to that portion of the motion for a new trial in which the error is complained of."

Rule 71a reads: "A motion for a new trial shall be filed in all cases where parties desire to appeal from a judgment of the trial court, or sue out a writ of error in the cause, unless the error complained of is fundamental, except in such cases as the statute does not require a motion for a new trial."

Rule 101a reads: "In all cases in which a motion for a new trial is filed the assignments contained in such motion or amended motion as finally ruled upon by the trial court shall constitute the assignments of error. All errors not distinctly specified in such motion, or in the assignments of error where a motion for a new trial is not filed, shall be waived; but an assignment shall be sufficient which directs the attention of the court to the error complained of, without the necessity of stating therein the reasons for which it is claimed to constitute such error, which reasons shall be submitted in propositions under the assignment."

The question of procedure presented here has brought about much confusion to the bench and the bar, and many decisions exhibit an irreconcilable conflict thereon. See 3 Tex. Jur., pp. 246, etc.; Vol. IV, Texas Law Review, p. 486; and Vol. XIV, Texas Law Review, p. 369. We shall point out below some of the conflicting holdings on this subject.

1. It has been held that no motion for new trial is necessary or required in cases tried before the court without a jury. Bell County v. Alexander et al., 22 Texas, 351, 73 Am. Dec., 268; Greer v. Featherstone, 95 Texas, 654, 69 S. W., 69; Craver v. Greer, 107 Texas, 356, 179 S. W., 862; Hess & Skinner Engineering Co. v. Turney et al., 109 Texas, 208, 203 S. W., 593.

2. It also has been held that upon all questions where the trial court has been called upon to rule once, it is not necessary to file a motion for new trial embracing such matter. Phillips Petroleum Co. v. Booles (Com. App.), 276 S. W., 667, 669; Egan v. Lockney Farmers' Co-op. Society (Com. App.), 284 S. W., 937, 939; Houston Belt & Terminal Ry. Co. v. Daidone (Civ. App.), 62 S. W. (2d) 524, 530; Harlan-Elzy-Randall Co. v. American Fruit Growers, Inc. (Civ. App.), 7 S. W. (2d) 132, 133, Id. (Com. App.), 16 S. W. (2d) 261; Dallas Tailors Supply Co. v. Goen (Civ. App.), 25 S. W. (2d) 224, 228; Price v. American Surety Co. of New York (Civ. App.), 59 S. W. (2d) 426, 427; City of Abilene v. American Surety Co. (Civ. App.),

73 S. W. (2d) 616, 618; Colorado Life Co. v. Newell (Civ. App.), 78 S. W. (2d) 1049, 1051.

3. In the construction of Articles 2209 and 2210 it was held that where a case was tried on special issues, a motion for new trial was not necessary, unless the ground urged for reversal is misconduct of the jury, newly discovered evidence, or some other matter which has not been submitted to the trial judge for a ruling thereon; and then such grounds must first be presented by motion for new trial. Rudasill v. Rudasill (Civ. App.), 219 S. W., 843; Milam v. Stubblefield (Civ. App.), 271 S. W., 410; Navar v. First Nat. Bank (Civ. App.), 254 S. W., 126; Gland v. Cruce (Civ. App.), 238 S. W., 720; Stubblefield v. Jones (Civ. App.), 230 S. W., 720 (writ refused); Varley v. Nichols-Shepard Sales Co. (Civ. App.), 191 S. W., 611.

4. Furthermore, it has been held that where the error complained of is the giving, refusal, or qualification of instructions to the jury, it is not necessary to include such error in a motion for new trial. Missouri, K. & T. Ry. Co. of Texas v. Beasley, 106 Texas, 160, 155 S. W., 183, 160 S. W., 471. To the contrary, it was held in an opinion by the Court of Civil Appeals, after a conference with the Justices of the Supreme Court, that the obvious purpose of the amendments to Rules 24 and 25, and of the adoption of Rule 71a, was that all errors (not fundamental) should uniformly be called to the attention of the trial court in a motion for new trial. El Paso Elec. Ry. v. Lee, 157 S. W., 748 (Civ. App.), Id., 100 Texas, 494, 221 S. W., 254. See also Thompson v. Caldwell et al., 36 S. W. (2d) 999 (Com. App.); San Antonio Traction Co. v. Emerson, 152 S. W., 468 (Civ. App., writ refused); Astin v. Mosteller, 152 S. W., 495 (Civ. App., writ refused); Stewart v. McAllister, 209 S. W., 704 (Civ. App.); Nunn v. Veale, 149 S. W. 758 (Civ. App.); Davidson v. Patton, 149 S. W., 757 (Civ. App.); Waldon v. Davis, 185 S. W., 1000 (Civ. App., writ refused); Hardin v. Hanson, 220 S. W., 368 (Civ. App.); Commercial Casualty Ins. Co. v. Hamrick, 60 S. W. (2d) 247 (Civ. App.); Smith Grain Co. v. Payne, 290 S. W., 841 (Civ. App.); St. Louis & S. F. Ry. Co. v. Stapp, 171 S. W., 1080 (Civ. App.); Moore v. Moore, 159 S. W., 896 (Civ. App.); Cooney v. Dandridge, 158 S. W., 177 (Civ. App.).

5. Many cases hold that where a special issue is presented to the trial court for submission at the proper time, and the trial court endorses thereon "Refused" and signs same, a bill of exception is not necessary to preserve rights thereunder by virtue of Article 2188. Walker v. Hirsch Cooperage Co. (Com.

App.), 236 S. W., 710, 712; Bishop v. Millers' Indemnity Underwriters (Civ. App.), 254 S. W., 411, 413; Rowe v. Guderian (Civ. App.), 212 S. W., 960, 963-4; Hartford Fire Ins. Co. v. Clements (Civ. App.), 34 S. W. (2d) 355, 356; Moncada v. Garcia (Civ. App.), 62 S. W. (2d) 215, 216. On the other hand, the following decisions hold that a bill of exception is necessary to be taken to the refusal of the court to submit a special issue or special charge, although it is marked "Refused" and the judge signs same; Orand v. Whitmore (Civ. App.), 185 S. W., 347; St. Louis S. W. Ry. Co. of Texas v. Downs (Civ. App.), 186 S. W., 864; Cummens v. Owen Bros. Const. Co. (Civ. App.), 192 S. W., 792; International & G. N. Ry. Co. v. Bartek (Civ. App.), 177 S. W., 145; International & G. N. Ry. Co. v. Bland (Civ. App.), 181 S. W., 504; Palmer v. Logan, 189 S. W., 761.

6. With respect to filing assignments of error, in the case of Phillips Petroleum Co. v. Booles et ux. (Com. App.), 276 S. W., 667, Article 1612 and the decisions were considered and construed as follows:

"From a consideration of the statute and the decisions of the Supreme Court interpreting it we deduce the following: (a) In any case where a motion for new trial is filed it may, or may not, at the option of the appellant, constitute the assignment of errors relied upon for reversal. (b) In any case, whether tried by the court or before a jury, either upon a general charge or upon special issues, the appellant may present errors to the appellate court, either through a motion for new trial filed below or by other assignments duly filed in the trial court. (c) Where other assignments are filed, they may supplement or even displace the grounds set forth in the motion for new trial filed. They need not be copies of such grounds nor even substantially the same, but may be entirely distinct and different therefrom. (d) In no case, however, will an error (not fundamental), as to a matter not called to the attention and ruling of the trial court, either in the course of trial or through the offices of a motion for new trial, be ground for reversal in the appellate court. (e) A commendable practice in this respect is to file in all cases a motion for new trial, presenting those points which have arisen to the time, and thereafter to file in the trial court supplemental assignments of error, presenting only those matters not covered by the motion, thus availing the appellant and the courts of the benefits of the amended article 1612."

■ The Constitution leaves the regulation of appeals very largely to the Legislature. The Legislature has the power of enacting rules of procedure relating to the right of appeal, and to modify them at will. If the Legislature has provided no mode of procedure for appealing cases, the Supreme Court has authority to establish such rules for that purpose. 3 Tex. Jur., p. 38; Article 1731, Vernon's Annotated Texas Statutes; Brown v. Hooks, 117 Texas, 155, 299 S. W., 228. The Legislature having failed to legislate on certain questions of practice and procedure, the Supreme Court in the exercise of its power adopted certain rules, including Rules 24, 25, and 71a.

Article 2232 contains the provisions relating to motions for new trial and what such motions should contain. Among other things, it provides:

"Specify each ground on which it is founded, and no ground not specified shall be considered."

After a careful reading of Articles 2209 and 2210, we find nothing in the provisions of those two articles which makes it unnecessary for a party to file a motion for new trial in the trial court, when the case is tried before a jury.

Article 2237 relates to the necessity of taking formal bills of exception in the giving, refusing, or qualifying of instructions to the jury, and to rulings of the court, which otherwise appear of record. That article does not specify that a motion for new trial is unnecessary as a prerequisite to the right of appeal.

Article 2188 provides that when the trial judge endorses "Refused" on a special instruction requested by a party, and signs the same officially, the action of the trial judge may be reviewed on appeal without a formal bill of exception. Nothing is embraced within that article which authorizes a holding that the claimed error in this regard must not be included in a motion for new trial.

The wording of Rule 101a was practically the same as that of Article 1612, which article has been materially amended and is now Article 1844. Since Article 1612 has been repealed and is superseded by Article 1844, Rule 101a has been abrogated by statute.

To meet the changes made in the statutes and to remove in a measure the conflict in the decisions relating to the rules of practice and procedure, this Court has this day adopted certain rules, as follows: No. 15 for the Supreme Court, Nos. 2, 24, and 36 for the Courts of Civil Appeals, and Nos. 71a and 95 for

the District and County Courts.* All of said rules shall become effective March 1, 1937, except Rule 15 for the Supreme Court, which shall be effective from the date of its adoption. Said rules will be published in the Southwestern Reporter (99 S. W. (2d) XXIX), and in the Texas Reports (126 Texas, V). We desire to call the attention of the bench and bar to the rules this day adopted. The rules adopted applicable to the question involved in this suit are copied below:

Rule 71a, pertaining to district and county courts, reads as follows:

"In all cases tried under Title 42, Chapter 6, or under Title 42, Chapters 8 and 11, or under any other provisions of the Revised Civil Statutes of Texas, where parties desire to appeal from a judgment of the trial court or to sue out a writ of error, and said cases having been tried before the court with a jury, on a general charge or on special issues, and the judgment of the court is rendered five days or more before the adjournment of the court for the term, or when, upon request or for any other reason, the court continues the term so as to cover a period of five days from the rendition of a judgment, a motion for new trial shall be filed. In fact, it is the object of this rule to require a motion for new trial to be filed as a prerequisite to an appeal in all cases, unless the error complained of is fundamental, or the case is tried before the court without a jury, or a peremptory instruction is given in the case, or the appeal is based upon some error arising after the action of the trial court upon the motion for new trial, or unless there is not full five days' time from the rendition of the judgment to the adjournment of the court for the term.

"This rule shall not apply to cases tried under the original rule, and in which judgments are or may be rendered prior to the date this rule becomes effective."

Rule 24, pertaining to Courts of Civil Appeals, reads as follows:

"The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for new trial in the cause; and (except in those cases wherein a motion for new trial is not required under amended Rule 71-a for the District and County Courts) a ground of error not distinctly set forth in a motion for a new trial in the cause and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived.

---

*126 Texas, V, 99 S. W. (2d) XXIX.

unless it be so fundamental that the Court would act upon it without an assignment of error as mentioned in Rule 23.

"The appellant, at his option, may constitute the motion for new trial as his assignments of error on appeal, or he may file separate assignments of error in the same or different form and language, but in no event will any assignment of error be considered on appeal where the error complained of was not distinctly presented to the trial court in the motion for new trial. Assignments raising questions of fundamental error and in matters that arise after the motion for new trial is passed on may be considered, although not based on any matter contained in the motion for new trial.

"This rule shall not apply to cases tried under the original rule, and in which judgments are or may be rendered prior to the date this rule becomes effective."

■ A motion for new trial has a useful purpose. It gives the trial judge an opportunity to have his attention called to the alleged errors committed by him during the trial. It is well known that the trial judge must act quickly upon questions presented to him. Many rulings are made upon the theory that other phases of the case will be presented and developed, which ofttimes do not materialize. The object of the law is to give to the trial judge an opportunity to try the case correctly, and to avoid unnecessary appeals. Anything short of this does not meet the purpose of the law. The object of a motion for new trial is to point out the rulings complained of, and call them to the attention of the trial judge, so that he may have an opportunity of reviewing his decisions, and, if need be, correct them. It is our opinion that it would lessen the number of appeals, and save litigants unnecessary costs, if a motion for new trial were required, as a prerequisite to an appeal, in many cases heretofore excepted from the rule.

After a careful consideration of the statutes, rules, and decisions involving procedural questions relating to the filing of motions for new trial, the action of the trial court in giving, refusing, or qualifying instruction to the jury, and the filing of assignments of error as a prerequisite to an appeal, the following conclusions are announced:

■ 1. In all cases it is necessary as a prerequisite to an appeal to file a motion for new trial, embodying the grounds complained of, except in the instances described in Rule 71a, as follows:

"Unless the error complained of is fundamental, or the case

is tried before the court without a jury, or where a peremptory instruction is given, or the appeal is based upon some error arising after the action of the trial court upon the motion for new trial, or unless full five days' time is not given from the rendition of the judgment to the adjournment of the term of court."

■ 2. Where a special issue is presented to the trial judge for submission at the proper time, and he endorses thereon "Refused," or if the trial judge modifies a special charge and endorses thereon "Modified as follows (stating in what particular he has modified the charge), and given and exception allowed," and in either event signs the same officially, a formal bill of exception is not necessary to preserve rights thereunder by virtue of Article 2188.

■ 3. Under the provisions of Article 1844 it is not required that appellant file assignments of error, or that appellee file cross assignments of error, with the clerk of the trial court; but such assignments of error may be embodied in briefs filed in the appellate court. All errors not specifically specified are waived, and an assignment shall be sufficient if it directs the attention of the court to the error complained of.

■■ 4. Where a motion for new trial is required to be filed, it will constitute the basis for the filing of assignments of error covering the matters complained of therein. The exact form or language used in the motion for new trial need not be used in the assignments of error. No hard and fast rule will be declared in this respect. So long as they relate to the errors complained of in the motion for new trial, they will be considered. Other supplemental assignments covering the matters that arise after the action of the trial judge on the motion for new trial may be filed. Assignments of error are not required to review fundamental error.

We think that the conclusions reached herein are in harmony with the statutes and the rules adopted, and will promote the ends of justice. We are aware that many cases have been tried and are now pending on appeal, and on account of the conflicting holdings of the different courts, the rights of litigants therein must be protected and not destroyed. Therefore, the holdings announced herein will not be enforced in cases tried before this opinion is rendered, and not until the bench and the bar have a reasonable time to become familiar with same.

Plaintiffs in error filed no motion for new trial, nor did they file in the trial court any assignments of error. It was contended in the Court of Civil Appeals, as here, that it was reversible error for the trial court to refuse to submit to the jury certain special issues requested by plaintiffs in error. The Court of Civil Appeals held, as above stated, that under the rules the questions were not properly before that court for decision. The Court of Civil Appeals did, however, waive the rules and its construction of same, and considered the questions presented upon their merits, and held adversely to the contention of plaintiffs in error.

After a consideration of the questions upon their merits, we find no error in the holding of the Court of Civil Appeals that no reversible error was presented.

The judgments of the trial court and Court of Civil Appeals are affirmed.

Opinion delivered December 9, 1936.