## COMMERCIAL STANDARD INS. CO. v. ROBINSON et al.

### No. 13308.

Court of Civil Appeals of Texas. Fort Worth.

March 10, 1939.

Rehearing Denied April 14, 1939.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for plaintiff in error.

John W. West and Robert M. Vaughan, both of Dallas, for defendants in error.

DUNKLIN, Chief Justice.

This suit was instituted by Henry Robinson against the Commercial Standard Insurance Company, to recover compensation under the Workmen's Compensation Law of this State, Vernon's Ann.Civ.St. art. 8306 et seq., for injuries sustained by him in Tarrant County, on or about August 27th, 1933, while working in the employment of the Austin Bridge Company, who carried insurance with the defendant, in terms of the provisions of the Act. From a judgment in favor of plaintiff the defendant has prosecuted this writ of error.

According to allegations in plaintiff's petition, while working for the Austin Bridge Company and while discharging the usual and customary duties of his employment, he sustained an accidental injury by reason of a wooden block, weighing about 30 pounds, slipping from under a cable on a bridge on which plaintiff was working and falling 6 or 8 feet and striking him on the right side of the back of his head. According to further allegations, from that injury numerous others resulted, which are

listed in the petition, by reason of all which plaintiff has become totally and permanently incapacitated to perform any manual labor. He alleged that his average weekly wage was $14 per week; he had worked in the same employment for substantially the whole of the preceding year; he was totally and permanently disabled to perform any kind of labor by reason of his said injuries, and was therefore entitled to recover 60 per cent of his average weekly wage, or $8.40 for 401 weeks. In an alternative pleading it was alleged that if it should be found that he has sustained permanent partial disability, then he should be allowed compensation for total disability for 101 weeks and for permanent partial disability for 300 weeks, under provisions of Art. 8306, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 8306.

In a second alternative, he alleged that if it be shown that he had not worked in the same employment during substantially the whole of the preceding year, his fellow employees of the same class had done so in the same or neighboring place, at a wage of $24.50 per week, and therefore plaintiff is entitled to recover 60 per cent of that wage, or $14.70 per week.

As a third alternative, it was alleged that if it be shown to be impossible to compute the average weekly wage, then plaintiff is entitled to a computation of the same in a manner that will be fair to both parties to the suit.

Allegations were made of compliance with all the statutory requirements preliminary to institution of the suit.

Defendant's answer to the petition included a general demurrer; numerous special exceptions; a general denial and certain special allegations of facts not necessary to notice here.

The case was submitted to the jury on special issues, preceded by the usual definitions of "injury", "injury sustained in the course of employment", "total incapacity", "partial incapacity or partial disability".

"Special Issue No. 1. Do you find from a preponderance of the evidence that the plaintiff Henry Robinson sustained any injury, as that term is defined for you above, on the 27th day of August, 1933?

"Answer 'yes' or 'no'.

"Answer: Yes.

"Special Issue No. 2. If you have answered No. 1 above 'no', then you need not answer this question, but if 'yes', then answer this question:

"Question: Do you find from a preponderance of the evidence that such injury, if any you have found in answer to No. 1 above, was sustained by the plaintiff Henry Robinson while in the course of his employment with the Austin Bridge Company, as the term injury in the course of employment is hereinabove defined for you?

"Answer 'yes' or 'no'.

"Answer: Yes.

"Special Issue No. 3. If you have answered special issue No. 1 above 'no', then you need not answer this question, but if 'yes', then answer:

"Question: Do you find from a preponderance of the evidence that as a result of such injury, if any you have found was sustained, as inquired about in special issue No. 1 above, that the plaintiff Henry Robinson has been totally disabled, as that term is defined for you above?

"Answer 'yes' or 'no'.

"Answer: Yes.

"Special Issue No. 4. If you have answered No. 3 above 'no', then you need not answer this question, but if 'yes', then answer:

"Question: From a preponderance of the evidence on what date do you find that such total disability, if any you have found in answer to No. 3 above, began?

"You will answer the date, if any you find.

"Answer: August 27th, 1933.

"Special Issue No. 5. If you have answered No. 3 above 'no', then you need not answer this question, but if 'yes', then answer:

"Question: Do you find from a preponderance of the evidence that such total disability, if any you have found, was permanent?

"Answer 'yes' or 'no'.

"Answer: Yes.

"Special issue No. 6. If you have answered No. 5 above 'no', then you will answer this question, but if 'yes' you need not answer:

"Question: Fix the number of weeks, if any, you find from a preponderance of the evidence the plaintiff has suffered total disability, if any, from and after the date,

if any, as found by you in answer to No. 4 above.

"Answer in the number of weeks, if any.

"Answer: (No answer).

"Special Issue No. 7. Do you find from a preponderance of the evidence that there were other employees of the same class as that of the plaintiff who had been working substantially the whole of one year immediately preceding August 27th, 1933, in the same or similar employment in the same or a neighboring place?

"Answer 'yes' or 'no'.

"Answer: Yes.

"Special Issue No. 8: If you have answered No. 7 above 'no', then you need not answer this question, but if 'yes', then answer:

"Question: From a preponderance of the evidence what do you find to have been the average daily wage of such an employee, if any you have found in answer to No. 7 above, who had been working substantially the whole of one year immediately preceding August 27th, 1933, in the same or similar employment in the same or a neighboring place?

"Answer in dollars and cents, if any you find.

"Answer: $3.50 per day.

"If you have answered No. 3 above and also No. 5 above both 'yes', then you need not answer this question, but if you have answered either 3 or 5 'no', then answer this question:

"Special Issue No. 9: Do you find from a preponderance of the evidence that the plaintiff, Henry Robinson, suffered partial incapacity, for work, as that term is defined for you as a direct result of the injury, if any you have found was sustained by him on the 27th day of August, 1933?

"Answer 'yes' or 'no'.

"Answer: (No answer).

"Special Issue No. 10. If you have answered No. 9 above 'no', then you need not answer this question, but if 'yes', then answer:

"Question: From a preponderance of the evidence on what date do you find that such partial incapacity, if any you have found in answer to No. 9 above, began?

"You will answer by giving the date, if any you find.

"Answer: (No answer).

"Special Issue No. 11. If you have answered No. 9 above 'no', then you need not answer this question, but if 'yes', then answer:

"Question: Do you find from a preponderance of the evidence that such partial incapacity, if any you have found, was permanent, if you have so found from and after the date, if any, as found by your answer to No. 10 above?

"Answer 'yes' or 'no'.

"Answer: (No answer).

"Special Issue No. 12. If you have answered No. 11 above 'yes', then you need not answer this question, but if 'no', then answer:

"Question: Fix the number of weeks, if any, you find from a preponderance of the evidence the plaintiff has suffered partial incapacity, if any, from and after the date, if any, as found by you in answer to No. 10 above?

"Answer in number of weeks, if any you find.

"Answer: (No answer).

"Special Issue No 13. If you have answered No. 9 above 'no', then you need not answer this question, but if 'yes', then answer:

"Question: From a preponderance of the evidence fix the percentage, if any, of partial incapacity for work, if any you have found, of plaintiff Henry Robinson, resulting from the injury, if any you have found was received by him on the 27th of August, 1933.

"Answer in percentage figures, if any you find.

"Answer: (No answer).

"Special Issue No. 14. Do you find from a preponderance of the evidence that the plaintiff Henry Robinson is not suffering from psychoneurosis?

"Answer 'he is' or 'he is not' as you find the facts to be.

"Answer: He is not.

"Special Issue No. 15. If you have answered No. 14 above 'He is not' you need not answer this question, but if you have answered that he is, then answer:

"Question: Do you find from a preponderance of the evidence that such psychoneurosis, if any you have found in answer to No. 14 above, is not the sole cause of the disability, if any you have found plaintiff has?

"Answer 'It is the sole cause' or 'It is not the sole cause' as you find the facts to be.

"Answer: (No answer).

"Special Issue No. 16. Do you find from a preponderance of the evidence that manifest hardship and injustice will result to the plaintiff Henry Robinson, if his compensation, if any you have found he is entitled to, is not paid in a lump sum?

"Answer 'yes' or 'no'.

"Answer: Yes."

Following recitals of the verdict rendered, the judgment reads as follows:

"It is further ordered, adjudged and decreed by the court that the plaintiff, Henry Robinson, do have and recover of and from the defendant, Commercial Standard Insurance Company, a corporation, the principal sum of Eight Hundred Thirty-Seven and 90/100 ($837.90) Dollars past due compensation at the rate of Fourteen and 70/100 ($14.70) Dollars per week for and during the period of fifty-seven (57) weeks following the date of said injury together with interest thereon at the rate of six per cent (6%) per annum from the maturity date of each weekly installment, amounting to the sum of Twenty-Six and 70/100 ($26.70) Dollars in interest with interest thereon at the rate of six per cent per annum from October 31st, 1934, until paid.

"It is further ordered, adjudged and decreed by the court that plaintiff, Henry Robinson, do have and recover of and from the defendant, Commercial Standard Insurance (Company), a corporation, the further sum of Four Thousand, One Hundred Ninety-three and 76/100 ($4,193.76) Dollars as his compensation in a lump sum for future compensation. And it further appearing to the court that Henry Robinson has been represented by John W. West, and Justin A. Carlisle as his attorneys, and that they are entitled to recover of and from the Commercial Standard Insurance Company a one-third (1/3) of his recovery or the sum of One Thousand, Six Hundred Eighty-Six and 12/100 ($1,-686.12) Dollars as attorneys fees.

"It is therefore ordered, adjudged and decreed by the court that the plaintiff, Henry Robinson, do have and recover of and from the defendant, Commercial Standard Insurance Company, a corporation, the sum of Five Thousand Fifty-Eight and 36/100 ($5,058.36) Dollars, out of which sum his attorneys, John W. West and Justin A. Carlisle, will be paid One Thousand Six Hundred Eighty-six and 12/100 ($1,686.12) Dollars, with interest thereon at the rate of six per cent (6%) per annum from date of judgment until paid."

No motion for new trial was presented by the defendant in the trial court.

Forty-eight assignments of error are presented in thirty-four propositions in defendant's brief, based on various rulings of the trial court. Defendant in error has presented objections to consideration of many of those propositions, because of failure of plaintiff in error to present the same complaints to the trial court in a motion for a new trial and thus afford that court an opportunity to correct them before prosecuting this writ of error.

The first seven of those propositions were submitted on defendant's plea to the jurisdiction of the District Court to determine plaintiff's claim for compensation, and since that issue has been finally determined by the Supreme Court adversely to appellant (123 S.W.2d 337), they will not be further noticed.

Points presented in the remaining propositions may be grouped as follows:

(a) Admission of evidence offered by plaintiff and exclusion of evidence offered by defendant.

(b) Remarks of the trial judge during the trial, and his order adjudging counsel for defendant in contempt of court for repeating a question to a witness after the court had already ruled it to be inadmissible, and placing counsel in custody of sheriff until he had paid the fine of $25, all in the presence of the jury.

(c) Overruling defendant's motion for a mistrial and continuance, because of presence of plaintiff and family in the hall at the entrance of the court room in view of the jury as they entered the court room, with his head in his wife's lap.

(d) Improper argument with defendant's counsel during trial in presence of jury.

(e) Failure of court to define "substantially the whole of the year", in connection with issue of total incapacity of plaintiff.

(f) Lack of sufficient evidence to support plaintiff's claim of compensation.

(g) Entry of judgment for total incapacity in absence of jury findings on issue of partial incapacity.

In Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270, the Supreme Court has noted numerous decisions showing conflicting holdings on the question whether an appellant or plaintiff in error can be heard to complain in the Court of Civil Appeals of errors in the trial court, which have not been brought to the attention of that court by motion for new trial. By reason of which conflicts, the Supreme Court then amended some of the rules of court.

The following rules of court were in effect prior to the time those amended rules became effective.

Rule 24 for Courts of Civil Appeals: "The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error as mentioned in rule 23."

Rule 71a for District and County Courts: "A motion for a new trial shall be filed in all cases where parties desire to appeal from a judgment of the trial court, or sue out a writ of error in the cause, unless the error complained of is fundamental, except in such cases as the statute does not require a motion for a new trial."

Article 2208, Vernon's Texas Civil Statutes, reads as follows: "Upon a trial by the court, the judge shall, at the request of either party, state in writing the conclusions of fact found by him separately from the conclusions of law. Such findings of fact and conclusions of law shall be filed with the clerk and shall be a part of the record."

Article 2209 reads as follows: "Where a special verdict is rendered, or the conclusions of fact found by the judge are separately stated, the court shall render judgment thereon unless set aside or a new trial is granted."

Article 2210 reads as follows: "It shall be sufficient for the party excepting to the conclusions of law or judgment of the court to cause it to be noted on the record in the judgment entry that he excepts thereto; and he may thereupon take his appeal or writ of error without a statement of facts or further exceptions in the transcript; but the transcript shall in such cases contain the special verdict or conclusions of fact and law aforesaid, and the judgment rendered thereon."

Those are the only statutes which relate to the right of appeal without the necessity of first filing a motion for new trial.

In Stillman v. Hirsch, supra, several former decisions of the Courts of Civil Appeals were cited, which held that under Arts. 2209 and 2210, where a case was tried on special issues, a motion for new trial was not necessary unless the ground urged for reversal is misconduct of the jury, newly discovered evidence or some other matter which has not been submitted to the trial judge for a ruling thereon; and then such grounds must first be presented by motion for new trial.

In the recent case of Neely v. Tarrant County, 124 S.W.2d 101, by the Commission of Appeals, it was held that by virtue of Art. 2210, a motion for new trial is not required to be filed as a predicate of the right to complain of error of the trial court *when the case is tried without a jury,* following decisions of our Supreme Court in Craver v. Greer, 107 Tex. 356, 179 S.W. 862; Hess & Skinner Engineering Co. v. Turney, 109 Tex. 208, 203 S. W. 593.

But in the Stillman case this was said [128 Tex. 359, 99 S.W.2d 274]: "After a careful reading of articles 2209 and 2210, we find nothing in the provisions of those two articles which makes it unnecessary for a party to file a motion for new trial in the trial court, *when the case is tried before a jury.*" (Italics ours). Although the court further said: "The holdings announced herein will not be enforced in cases tried before this opinion is rendered and not until the bench and the bar have a reasonable time to become familiar with same", yet that construction of Arts. 2209 and 2210 was in accord with this announcement in the opinion of Justice Critz for the Commission of Appeals, in Thompson v. Caldwell, 36 S.W.2d 999, 1000, which was tried before a jury: "It is the rule that, unless the error is fundamental, it must be assigned in a motion for a new trial in the district court. This means that the ruling, act, or conduct complained of must be pointed out or stated in the motion for a new trial in such a manner as to

apprise the trial court of the error complained of."

That decision and many others to the same effect are noted in the Stillman case, including the opinion of the Court of Civil Appeals in El Paso Electric Ry. Co. v. Lee, 157 S.W. 748, rendered after a conference with the Justices of the Supreme Court, that the obvious purpose of the amendments to rules 24 and 25 and of rule 71a, then in force, was that all errors (not fundamental) should uniformly be called to the attention of the trial court in a motion for new trial, when the case is tried before a jury.

By Art. 2185, Revised Texas Civil Statutes, it is provided that all objections to the court's charge must be made and presented to the court before it is submitted to the jury, and all objections not so made and presented shall be considered as waived. Under that statutory provision, in the absence of any objection to the court's instructions not to answer Issue No. 6, which was an inquiry as to the number of weeks plaintiff had suffered total disability, or the issues embracing the question of partial disability in the event the jury, in answer to preceding issues, had found that plaintiff had suffered total and permanent disability, plaintiff in error must be held to a waiver of right on this appeal to complain of the judgment for lack of findings on those issues. 3 Tex.Jur., pp. 202 to 207, inclusive; Speer's Law of Special Issues, sect. 291, p. 407, sect. 298, p. 412, and authorities there cited. See, also, Traders & Gen. Ins. Co. v. Blancett, Tex.Civ.App., 96 S.W.2d 420, and cases cited, writ dismissed.

And defendant has waived the right to complain of those rulings or any other rulings presented in other assignments, for the further reason that no motion for new trial was filed by it urging the same as grounds for a new trial.

Nor do any of the assignments of error present fundamental error, since the judgment for compensation for total disability has proper support in plaintiff's pleadings and in the verdict of the jury.

Moreover, aside from the foregoing conclusion, we have considered all the assignments of error on their merits and are convinced that none presents any reversible error. The objections to most of the rulings of the court complained of

are of a technical, rather than substantial, nature, and in many instances the rulings are qualified and explained by the trial judge in such manner as to remove any probable harm to the defendant, at most. We shall not undertake a discussion of each of those rulings in detail, because we deem it unnecessary so to do, and a discussion of them in detail would unduly extend this opinion.

For the reasons noted, all assignments of error are overruled and the judgment is affirmed.