**MEXIA COMPRESS CO. v. SPEIGHT.**

No. 2238.

Court of Civil Appeals of Texas. Waco.

June 27, 1940.

Bradley & Bradley, of Groesbeck, for appellant.

L. W. Shepperd and L. L. Geren, both of Groesbeck, for appellee.

ALEXANDER, Justice.

The plaintiff's cotton was destroyed by fire while it was stored in the defendant's warehouse. The jury found that the defendant negligently stacked or tiered the cotton end on end, and that it negligently failed to keep such lookout for fire as an ordinarily prudent person would have done under the circumstances, and that each of such acts of negligence was the proximate cause of the loss. Accordingly, judgment was entered for plaintiff for the value of the cotton. The defendant has appealed.

The appellant contends that the evidence was insufficient to sustain the jury's finding that appellant failed to keep such a lookout for fire as an ordinarily prudent person would have done under the same or similar circumstances. The evidence shows that the appellant had stored in its warehouse approximately four thousand bales of cotton belonging to various owners. The fire occurred at or near the noon hour. At that time all of the employees were congregated near the office and were engaged in eating their lunches and listening to a radio broadcast of a World Series baseball game. The office was in the southeast corner of the warehouse and the fire started in the northwest corner thereof. There were no employees at or near the place where the fire started. The employees at the warehouse testified that they discovered the fire about the time they finished eating their lunches. One of the witnesses testified that six or eight bales were on fire before the employees discovered the fire; others testified that about twenty-five bales were then on fire. There was a strong north wind blowing and the fire spread so rapidly that it forced the employees back and rendered it impossible for them to put it out. There was some evidence that a bale of cotton sometimes

440

has fire on the inside when it is brought into the compress and that it may remain therein for four or five days before being discovered. The cotton in question had been brought in at different intervals, but the evidence did not show the exact date on which any of it had been stored in the compress.

■■ The degree of care that an ordinarily prudent person would have exercised under the same or similar circumstances was a question to be determined by the jury. In determining this question the jury had a right to take into consideration the amount of cotton being stored in the warehouse at the time, the precautions taken to discover the outbreak of fire, as well as all other surrounding circumstances. Since it appears without dispute that fire is sometimes concealed within a bale of cotton when it is brought into the compress, the danger of fire necessarily increased with the number of bales stored therein. Furthermore, the necessity for precaution increased in proportion to the investment involved. In view of the fact that the testimony shows without dispute that a large amount of cotton of considerable value was stored in the warehouse at the time; that there was no watchman or other employee stationed near where the fire broke out; and that at the time the fire was discovered it had progressed far enough to ignite from six to twenty-five bales and was then out of control, we think the evidence was sufficient to justify the jury's inference that the appellant had not exercised that degree of care that an ordinarily prudent person should have exercised under the circumstances. We therefore overrule this assignment.

■ Appellant complains of the refusal of the court to submit certain requested issues to the jury, but the record shows that no such alleged errors were raised in the motion for new trial in the lower court, and, for this reason, these assignments cannot now be considered. Dist. Ct. Rule 71a; Court of Civil Appeals Rule 24; Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270.

We have carefully considered all other assignments and find no reversible error.

The judgment of the trial court is therefore affirmed.