**ALLIED UNDERWRITERS v. HARRELL et al.**

**No. 2038.**

Court of Civil Appeals of Texas. Eastland.

Sept. 20, 1940.

Rehearing Denied Oct. 18, 1940.

Wagstaff, Harwell, Douthit & Alvis, of Abilene, for appellant.

L. H. Flewellen, of Ranger, and Frank Sparks, of Eastland, for appellee.

LESLIE, Chief Justice.

This was a suit on a fire insurance policy covering real and personal property. A trial before the court and jury resulted in a verdict in response to special issues and the court entered a judgment thereon in favor of the plaintiff. The defendant appeals, presenting two assignments of error which will presently be considered.

In the concluding part of its brief the appellant presents what it designates (1) "proposition No. 1—separate from assignments" and (2) "proposition No. 2—separate from assignments." If it be permissible to regard propositions as assignments, nevertheless we do not believe either of these has the essentials of an assignment of error. Obviously, these statements do not complain of any ruling or action by the trial court. They are not germane to any assignment of error presented, and the questions which they seek to raise are not to be found in the motion for new trial. Hence, there is no legal basis for these as assignments of error. Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270, Rule 71a, as amended, 99 S.W.2d xxx.

Further, assuming such issues (as suggested by these propositions) were presented or raised by the pleadings and testimony, the court submitted no such issues and none were requested by the defendant.

The first and second assignments, in substance the same, will be considered together. In the main they are predicated on the jury's affirmative answer to special issue No. 7 and complain that the court erred in failing and refusing to sustain defendant's motion for judgment in its favor in

view of the jury's answer to that issue. The issue reads: "Do you find from a preponderance of the evidence that the application of the mixture of the gasoline and lubricating oil on the floors in question by plaintiff * * * on the day before the fire * * * caused or contributed to cause the damage complained of?" The jury answered "Yes." It is undisputed that the plaintiff in cleaning and renovating the house gave its floors an "application of the mixture of gasoline and lubricating oil", in the proportion of two quarts of lubricating oil to one gallon of gasoline.

The contract of insurance contained many provisions stipulating as many facts or circumstances that might arise rendering the policy void and only the ones material to the issues in the appeal will be set out. In part the policy provided: "Subject to Art. 4890, R.S.1925, this entire policy, unless otherwise provided by agreement, indorsed hereon or added hereto, shall be void * * * *if the hazard be increased by any means within the control or knowledge of the insured; * * * if* (any usage or custom of trade or manufacture to the contrary notwithstanding) *there be kept, used or allowed on the above described premises: benzine * * * gasoline * * * or petroleum or any of its products of greater inflammability than kerosene oil of the United States standard* (which last may be used for lights and kept for sale according to law but in quantities not exceeding five barrels) provided it be drawn and lamps filled by day light or at a distance not less than ten feet from artificial light; or * * * etc." (Italics ours).

The policy further provided: "Insofar as, and to the extent that, any of the warranties, conditions or provisions are legally subject to and controlled by the Act of the 40th Legislature, Chapter 33, (Art. 4930, R.S.1925) no breach or violation thereof by the insured shall render this policy void, unless such breach or violation contributed to bring about the destruction of the property."

■ The judgment of the trial court is correct, unless the jury's finding in response to issue No. 7 compels a different conclusion. That portion of the verdict was treated as immaterial by the trial court, who ignored the same and entered judgment in favor of the plaintiff on the remaining portions of the verdict. The court did not submit any issue predicated upon that provision of the policy stipulating against the plaintiff's right to increase the hazard by any means within her control or knowledge. No such issue was requested by the defendant, and the evidence does not conclusively establish that the hazard was increased by any means within the control or knowledge of the insured. The use of gasoline on the floor was not even interposed as a defense. The defense sought to be interposed was that the insured increased the hazard by the use of gasoline and lube oil. Hence, the appellant shows no error in the judgment by reason of the disposition of this phase of the case pertaining to an alleged increase in hazard.

■ As to the charge that the plaintiff at the time of the fire "kept, used or allowed" on the premises "gasoline or petroleum or any of its products of greater inflammability than kerosene oil of the United States standard", etc., it is at once apparent that the jury's affirmative answer to special issue No. 7 does not, as a matter of law, entitle the defendant to a judgment. The mixture applied by the plaintiff in renovating the house was certainly not gasoline. It was something of which gasoline was merely an element, and how strong or how weak is not shown. If the mixture be regarded as petroleum, or one of its products, there is no showing that the mixture had "greater inflammability than kerosene oil of the United States standard." The burden of pleading and proving that the mixture was of such quality rested upon the defendant, and the burden was not discharged. In fact, no issue of that nature was submitted by the court or requested by the defendant. After due consideration we conclude that the fact, if any, established by the jury's affirmative answer to special issue No. 7, was immaterial and properly disregarded by the trial court in entering his judgment. Certainly the evidence does not conclusively show that the material applied to the floor was of greater inflammability than such kerosene oil.

Finding no error in the record, the judgment of the trial court is affirmed.