## COMMERCIAL STANDARD INSURANCE COMPANY V. HENRY ROBINSON ET AL.

No. 7609.  Decided April 9, 1941.
Rehearing overruled June 11, 1941.
Second rehearing overruled July 9, 1941.
(151 S. W., 2d Series, 795.)

*Robertson, Leachman, Payne, Gardere & Lancaster, Neth L. Leachman,* and *Gus M. Hodges,* all of Dallas, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that it was not error for the trial court to submit to the jury, over timely objections, special issues inquiring the average daily wage of employee who had worked substantially the whole of the year, because there was no evidence as to the wage of any employee in the same or a neighboring place; nor was there any evidence as to the wage of any employee doing the same class of work. American Emp. Ins. Co. v. Singleton, 24 S. W. (2d) 26; Bankers Lloyds v. Seymour, 49 S. W. (2d) 508; Travelers Ins. Co. v. Giacomino, 99 S. W. (2d) 633.

On permitting witness to testify as an expert. Gulf C. & S. F. Ry. Co. v. Downs, 70 S. W. (2d) 319; Wiseman v. Baylor, 69 Texas 63; Travelers Ins. Co. v. Simon, 126 S. W. (2d) 674.

*John W. West* and *Robert M. Vaughn,* both of Dallas, for defendant in error.

*W. H. Hall,* of Dallas, filed brief as amicus curiae.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This is a compensation case. In the trial court judgment was rendered in favor of the employee against the insurance carrier as for total permanent incapacity payable in a lump sum. The insurance carrier appealed to the Court of Civil Appeals and that court dissmissed the appeal on the ground that the district court had no jurisdiction of the case. 91 S. W. (2d) 1147. Writ of error was granted and this Court reversed the judgment of the Court of Civil Appeals and remanded the case to that court. 132 Texas 163, 123 S. W. (2d) 337. After the remand the Court of Civil Appeals affirmed the trial court's judgment. 126 S. W. (2d) 1026. The case then came back here upon application of the insurance carrier, which was granted.

·1    The Court of Civil Appeals refused to consider certain assignments of error brought forward in the brief of the appellant in that court. In this we think it erred. This case was tried before the opinion was released in Stillman v. Hirsch, 128 Texas 359, 99 S. W. (2d) 270, announcing an amendment of Rule 71a governing district and county courts and under the decision in that case this case is to be governed by the rules announced in such cases as Phillips Petroleum Company v. Booles, (Com. App.) 276 S. W. 667. Under such rules the assignments should have been considered.

Many errors are assigned in the application. We have determined that there is one assignment which clearly must be sustained. The result of so doing will be to reverse the trial court's judgment and remand the cause for another trial. The other errors assigned will in all probability not arise upon another trial and they will therefore not be discussed here.

The question upon which our decision is based arose in this manner: The principal fact issue to be determined in the trial court was the extent of the employee's injuries. It was the position of the insurer that his condition was largely psychic. The employee, on the other hand, based his suit upon the ground, sustained by the jury, that he had suffered total and permanent incapacity. While a doctor was on the witness stand testifying as an expert for the insurer, a question arose as to the right of the attorney for the insurer to propound a certain question to him. The jury was retired and in its absence the court ruled that counsel could not ask the witness this question:

"Let me make a record of what the doctor's answer would be. If I should ask you the question—I am going to ask it of you now—I want you to state whether or not in your opinion this man, Henry Robinson, the plaintiff in this case, will be materially benefited when this lawsuit is tried, irrespective of the outcome of it?"

2 Exception was taken to the ruling of the court and it was made to appear that the doctor, if permitted, would have testified, in substance, that the condition of the claimant was largely caused by worry over his lawsuit, and that when it was finally disposed of his condition would be materially benefited. If the Court erred in excluding such testimony, then the case must be retried. We are well convinced that it did err in so doing. The theory upon which expert testimony is admitted requires that the expert be permitted to state the reasons or grounds upon which his opinion is based. It also requires that the witness be permitted to testify as to what, in his opinion, caused the condition as to which he is giving expert testimony. It would have been perfectly permissible for this doctor to have testified that, in his opinion, the employee's condition was due to a physical injury as claimed by him. In this case it is made to appear that it was the opinion of the expert that the employee's condition was psychic, and that it was brought about or contributed to by his worrying over pending litigation. No reason is perceived why, if as an expert he could give it as his opinion that the condition was due to a trauma he could not for the same reason give it as his opinion that it was due to a mental agitation, whether it be brought about by grief, disappointments pending litigation or other similar cause or causes. It cannot be denied that it is a reasonable conclusion, even from the viewpoint of one not an expert in that field, that worry can bring about strange results and produce strange physical ailments. According to the record before us, the doctor would have testified, had he been permitted to do so, that, in his opinion, the employee's condition was caused by worrying over this suit and we hold that it was error not to permit him so to testify.

We have been cited to no authority which directly supports the above holding, but to our minds it is supported in principle by Coleman Mutual Aid Association v. Muse, 67 S. W. (2d) 393 (error refused); Gulf, C. & S. F. Ry. Co. v. Downs, 70 S. W. (2d) 318, 322 (error refused), and by the authorities cited in support of the text in 19 Tex. Jur., p. 56,

sec. 37. The Court of Civil Appeals at Beaumont in the case of Stedman Fruit Company v. Smith, 28 S. W. (2d) 622, held that it was not error to exclude testimony similar to that here involved, but no authority was cited in support of the conclusion and we are not in accord therewith.

**3** It is the general rule that the Supreme Court does not take jurisdiction of a case on the sole question of the admissibility of evidence when same is not controlling in its character, but, the court having exercised its jurisdiction to grant the writ on the assignments upon which same was granted, it is not wanting in power to consider each and every law question presented and to render such judgment as its holdings on such question may require. Moore v. Davis (Com. App.) 27 S. W. (2d) 153.

For the error above pointed out, the judgments of the trial court and Court of Civil Appeals are reversed and the cause remanded.

Opinion adopted by the Supreme Court April 9, 1941.

### ON REHEARING.

The defendant in error in his motion for rehearing cites International & G. N. R. Co. v. Goswick, 98 Texas 477, 85 S. W. 785, a case not cited in the application for writ of error and not mentioned in our original opinion. The claimed conflict between our original opinion and the opinion in that case does not exist when the question there decided is analyzed. The assignment of error considered in that case was:

"'The trial court erred in excluding the testimony of Drs. Jameson, Dupuy, and Martin, and the Court of Civil Appeals (83 S. W. (2d) 423) erred in sustaining said action of the trial court, because the substance of the question to said doctors was what was their opinion on the permanency of plaintiff's injuries, when considered, amongst other things, in connection with the declarations of the plaintiff, and *the object was to know what reliance the doctors would put in his declarations*, in connection with their physical examination of him, when considered in the light of the fact that he had a case pending in court for damages for these very injuries. The trial court excluded said testimony because in the hypothetical question the fact was stated that plaintiff had a case pending in court; the court saying that, if that was left out, he would

permit the doctors to answer. Appellant excepted to said ruling of the court because *it contended that the motives which prompt a man who is afflicted to make declarations of his feelings ought to be known to the doctor whose opinion is desired.*" (Italics supplied).

That assignment clearly reflects that what was there before the court was the question of whether or not the doctors should pass upon the credibility of the plaintiff, a very different question from that presented in this case.

The motion for rehearing is overruled.

Opinion adopted by the Supreme Court June 11, 1941.

Second motion for rehearing overruled July 9, 1941.