## LAWNDALE AVENUE BAPTIST CHURCH, Inc., v. PAYNE et al.

### No. 10367.

Court of Civil Appeals of Texas. Galveston.

March 11, 1937.

Rehearing Denied April 15, 1937.

Bailey P. Loftin, of Houston, for appellant.

Jones, Jones & McCollough and Byron G. McCollough, all of Houston, for appellees.

CODY, Justice.

This suit was instituted by Lawndale Baptist Church, Inc., appellant, against Thornton A. Payne, appellee, appellant's former pastor, in the district court of Harris county for a writ of injunction against appellee, and against H. A. Crawford, to prevent the foreclosure of a deed of trust lien on a certain lot in the city of Houston, and for damages, and to remove cloud from the church's title to said lot. In addition to the general demurrer and general denial filed by Crawford and appellee Thornton, appellee filed a cross-action on a note for the principal sum of $1,300 alleged to have been executed by appellant, acting through its president and secretary, and to foreclose a deed of trust lien on the aforesaid lot, alleged to have been given by appellant to secure its payment.

The issues made by the pleadings and evidence were submitted to a jury, the substance of whose findings was as follows: (1) Appellant authorized the execution, and delivery to appellee, of the note and deed of trust in question. (2) Appellant ratified the execution, and delivery to appellee, of the note and deed of trust in question. (3) Appellant has not paid to appellee the note in question. (4) Appellee did not make a material alteration in the note. (5) Appellee did not procure appellant's president to change the principal amount of such note without the knowledge and consent of appellant's secretary.

Appellee earnestly insists that this court do not consider assignments of error and propositions in appellant's brief by reason of certain defects. In the recent case of Stillman v. Hirsch, 99 S.W.(2d) 270, our Supreme Court dealt with important procedural questions with respect to statutes and rules relating to filing of motions for new trials, including the action of the trial judge in giving, refusing, or qualifying instructions to the jury, and the filing of assignments of error, as may be considered prerequisite to appellate review by the courts. To meet changes made in the statutes and to remove conflicts in decisions relating to the rules of practice and procedure, the Supreme Court, in said case, adopted certain rules, and announced conclusions in harmony with the statutes, and with the rules adopted, and to promote the ends of justice. But the opinion expressly provided that the holdings therein announced would not be enforced in cases tried before such opinion was announced. Applying the liberal policy with reference to rules of practice and procedure in cases tried prior to March 1, 1937, announced by the Supreme Court, we have considered all assignments of error presented by appellant.

Admission of the $1,300 note in evidence was not error. Its alteration is presumed innocent, or to have been made prior to its execution and delivery. Rodriguez v. Haynes, 76 Tex. 225, 13 S.W. 296. This presumption is, of course, subject to rebuttal. Appellee offered proof of the correction of the instrument to make it conform to the intention of the parties, and that same was made before its execution and delivery. What is true of the note likewise applied to the deed of trust that secured its payment.

There was sufficient evidence to support the findings of the jury on each of the special issues submitted. If there were no conflicts or contradictions in evidence, there could scarcely be anything to go to the jury. This court is therefore bound by the findings of the jury in this case. Daggett v. Corn (Tex.Civ.App.) 54 S.W.(2d) 1098.

Appellant has assigned no reversible error for our consideration. The judgment of the court below should therefore be affirmed, and it is so ordered.

Affirmed.