## WHITE v. FOWLER.
### No. 4015.

Court of Civil Appeals of Texas. El Paso.
March 27, 1941.

R. B. Rawlins, of Monahans, for plaintiff in error.

Hanson Womack, of McCamey, for defendant in error.

WALTHALL, Justice.

This is an appeal from the County Court of Upton County. The parties will be designated here as in the trial court.

The trial was before the court and judgment for the defendant, from. which this appeal has been perfected.

The plaintiff, Mrs. Iva White, a feme sole, sued the defendant, H. M. Fowler, to recover on an installment note given as part of the purchase money for certain cleaning and pressing equipment and to foreclose a mortgage on such property executed contemporaneously with the note to secure the note. The petition is in usual form.

The defendant answered with a general denial and a special answer. A consideration of the second paragraph of his answer numbered "2nd" will dispose of this appeal. In this paragraph he pleads a material alteration of the note and mortgage without his consent in this manner: "that since said note and mortgage were given there has been a material alteration in both of said instruments by writing into and adding to said instruments the figures '½' following the word 'one' and between the words 'one' and 'months,' which said alterations were made in sixteen different places in said instruments." This constituted the only alteration pleaded, and it may be assumed that it was the sole alteration.

In the course of the trial the plaintiff offered her note in evidence and the defendant objected to it on the ground it showed

on its face a material alteration and because of variance. The objection predicated on variance was because she had sued. to recover the face of the note, whereas it showed certain credits that had not been acknowledged.

The parties were unable to agree on .a statement of facts, and the court prepared his statement of facts, and on the offer of the note he makes this statement with respect to what happened then: "The Court, after having examined the note, found same to have been materially altered, and no proof having been offered on the part of the plaintiff in that connection, sustained the objection."

■ We are compelled to assume the only alteration the court discovered was the insertion of the figure "½" in writing according to the defendant's pleading, and the copy of the mortgage attached to the petition. In that situation the law will presume the note and mortgage were in that condition at the time they were executed, and until the defendant discharges the burden on him to show it otherwise.

"If there is no peculiar circumstances of suspicion attached to the altered instrument, the alteration is presumed to have been made prior to or contemporaneous with its execution. Under this rule the mere fact that there were interlineations in the instrument would not relieve the defendants of the burden of proving that such interlineations were made after the instrument was -executed." McKenzie et al. v. Barrett, 43 Tex.Civ.App. 451, 98 S. W. 229, 232.

"Admission of the $1,300 note in evidence was not error. Its alteration is presumed innocent, or to have been made prior to its execution and delivery. * * * This presumption is, of course, subject to rebuttal." Lawndale Ave. Baptist Church v. Payne, Tex.Civ.App., 103 S.W.2d 1021, 1022.

■ Under this rule of law, which we believe to be universally adhered to, the burden was upon the defendant to allege and prove the note and mortgage had been altered. The defendant having made payments on the note, we think he should show that he had not ratified the alteration made in the note. The ruling of the court in excluding the note wrongfully relieved the defendant of that burden and, contrary to the law, placed the burden on plaintiff to show it had not been altered without the consent of the defendant.

■■ · Where the burden of proof is improperly placed upon a material issue submitted to a jury over the objection of the party affected it is reversible error. In a trial before the court when it clearly appears, as it does here, that on a material issue the court erroneously placed the burden, the case should be reversed.

For the error of the court the case is reversed and remanded.